### Dover *vs.* Harrell, executor.

Where it appears from the clerk's entry on the bill of exceptions, that it was filed more than fifteen days after it had been certified, this court will not hear *aliunde* evidence contradicting or explaining the entry.

Practice in the Supreme Court. January Term, 1878.

Reported in the decision.

Arnold & Arnold; W. K. Moore, for plaintiff in error.

J. A. W. Johnson; Fain & Milner, by Z. D. Harrison, for defendant.

Warner, Chief Justice.

When this case was called for a hearing in this court, a motion was made by the defendant in error to dismiss it, on the ground that the bill of exceptions had not been filed in the clerk's office of the superior court within the time pre-

scribed by the statute. It appears from the bill of exceptions, that it was signed and certified by the judge on the 25th of September, 1877, and service acknowledged thereon on the 26th of September, 1877, but was not filed in the clerk's office until the 16th of October, 1877—more than fifteen days after the bill of exceptions had been certified and signed by the judge (to wit: twenty-one days). The plaintiff in error asked for time to show that the bill of exceptions had been handed to one of the counsel for the defendant in error to be filed in the clerk's office, and that it was his fault that it was not filed in time.

This court has uniformly required, from its first organization, that the evidence of the service and filing of the bill of exceptions must appear on the bill of exceptions itself (which is made, by statute, the writ of error which brings the case up to this court), and has steadily refused to hear evidence *aliunde* the record in relation to the service or filing of the same. If the rule was otherwise, a great portion of the time of the court would be occupied in the examination of witnesses, and hearing conflicting evidence upon collateral questions in relation to the conduct of the parties and their counsel in bringing cases before this court. The only wise and safe rule is to adhere to the well-established practice in such cases, as we now do, and dismiss the plaintiff's writ of error.