## McDANIEL v. COWART et al.

Where a security deed to two grantees embraces a power of sale with authority for the exercise thereof upon failure by the grantor to pay at maturity a described promissory note, a court of equity will not, when the grantor has defaulted in making payment, enjoin the exercise of the power, merely because one or both of the grantees may be indebted on an open account to the grantor in a sum nearly or quite equal to the amount of such note, there being in the petition for injunction no allegation of their insolvency, or of other facts showing any good reason why the grantor should not, by payment of the note according to its terms, have thus defeated the exercise of the power.

Argued November 8, — Decided December 6, 1899.

Petition for injunction. Before Judge Spence. Calhoun county. September 9, 1899.

*J. L. Boynton*, *W. C. Worrill*, and *D. H. Pope & Son*, for plaintiff. *R. H. Powell & Son*, for defendant.

LEWIS, J. On the 9th day of September, 1899, Mrs. Fannie E. McDaniel presented to the judge of the superior court of

Calhoun county her equitable petition against J. S. and J. W. Cowart, in which she alleged, in substance, that on the 9th day of September, 1890, she purchased from one Rheinhardt a certain tract of land in Calhoun county for the amount of fifty bales of cotton, payable in five annual payments, and that she gave her five promissory notes for the cotton. Rheinhardt delivered to her a bond for titles, conditioned to convey to her the land upon the payment of the notes. She failed to pay off all the notes as they fell due, and Rheinhardt proposed to settle same for $1,200.00. She arranged with defendants and Rheinhardt for him to accept their notes for said sum, $600.00 to become due December 1, 1897, and $600.00 January 1, 1898, and upon the payment of said notes Rheinhardt would surrender to her a deed to the land, Rheinhardt to hold the deed until the conditions were carried out. The notes were accordingly given by the defendants to Rheinhardt, the first of which they paid, but failed to pay the latter until reduced to judgment, when they also paid that one. To secure the Cowarts for the sum assumed by them for her, petitioner delivered to them her two promissory notes, one for $648.00 due December 1, 1898, and one for $696.00 due December 1, 1899, and to secure these notes she deeded to them all her interest in said lands, with power to advertise and sell the same upon her failure to meet promptly the payment of the notes. Petitioner failed to pay off the note for $648.00 given to the defendants, for the reason that J. S. Cowart refused to give her credit for cotton and melons which would have amounted to enough to have fully or nearly paid off the note, and for the further reason the defendants failed to surrender her the Rheinhardt five promissory notes he held against her. Under the power of sale conferred upon the Cowarts, they were advertising the lands for sale, which was to occur in three days after the petition was presented. The last of her two notes not being due, and the first being nearly paid off, as appears from the bill of particulars attached, she claims they had no right to sell. She also makes allegations in her petition to the effect that both defendants were responsible for the cotton and melons, but no explanation is given of the conflict in her allegations on this

subject; she having previously alleged that only one of the defendants owed the debt. She prayed that defendants be enjoined and restrained from offering or selling the land on Tuesday, September 12, 1899. On presentation of the petition, which had never been served upon the defendants, the judge granted the following order: "September 9, 1899. Read and considered, and the injunction is refused." Exception is taken to this judgment of the court, and error assigned thereon.

It does not appear that any supersedeas was granted to the plaintiff on her writ of error, nor that defendants had any knowledge of the petition before sale day. If, therefore, the land was sold on the day it was advertised for sale, a judgment of reversal by this court would appear to be nugatory. But as it does not appear from the record or otherwise that such sale has taken place, the case is decided on its merits. The only question for consideration is whether or not the allegations in the petition present a case for the equitable relief sought. There is no charge of insolvency of defendants, or either one of them, and no reason given why she should have the extraordinary remedy of injunction for which she prays. The contract between her and the defendants gives them the power to sell the land in case of default on her part in the prompt payment of either note. The only way in which she could have defeated the exercise of this power was to pay the notes; and the fact that she had an account against one or both the defendants to the amount of her indebtedness to them could not operate per se as a cancellation of their contract touching the sale of the land. The remedy on her account is by suit at law, and no reason is assigned in the petition why it is not ample and sufficient. The remedy of the defendants for the recovery of their money on the land is under contract, which, it appears from the petition, they were pursuing. The court, therefore, did right in refusing to grant the injunction prayed for.

*Judgment affirmed. All the Justices concurring.*