### COOPER, receiver, v. NISBET, clerk.

SIMMONS, C. J.   1.  Where it appears that a bill of exceptions signed and certified by the trial judge, defective only in the particular hereafter referred to, has been transmitted to this court by the clerk without any entry of filing upon it, and the clerk certifies that he has no recollection that the bill of exceptions was left at his office within the time prescribed by law of filing; and where counsel for the plaintiff in error apply to this court for a mandamus nisi against the clerk, calling upon him to show cause why he should not be compelled to enter the filing on the bill of exceptions and to sign the

same, the petition for mandamus alleging that the bill of exceptions was deposited with the clerk for filing and transmission within the time allowed by law ; and where the clerk in his answer to the rule nisi denies that the bill of exceptions was so deposited in his office in time ; and where counsel for the plaintiff in error ask leave to file a traverse to the clerk's answer and show by aliunde evidence that the bill of exceptions was filed within time, *held* : (1) That this court has jurisdiction of the case, and the clerk properly docketed the same. *Walker* v. *Sanford*, 78 *Ga.* 165 ; *Johnson* v. *Johnson*, 80 *Ga.* 260. (2) That this court has no jurisdiction to hear aliunde evidence and decide disputed issues of fact. *Dover* v. *Harrell*, 60 *Ga.* 111. (3) That under the provisions of the Civil Code, § 5555, the Supreme Court and the superior court have concurrent jurisdiction to compel by mandamus the performance of any duty of the officers of the superior court which may be necessary to perfect the bill of exceptions. (4) After the bill of exceptions has reached the office of the clerk of the Supreme Court, in a case of the character above referred to, application for mandamus may be made to the Supreme Court, or else application be made in such court to have the bill of exceptions transmitted to the superior court for correction there. (5) If it should appear that the defect can not be remedied by the proceeding in the Supreme Court, the application for mandamus in the Supreme Court will be dismissed and the Supreme Court will order the bill of exceptions transmitted to the superior court in order that the defect may be remedied by appropriate proceedings in that court ; and time will be given, even until the end of the term, for such proceedings to be had in the superior court as may be necessary to perfect the bill of exceptions.

2. Applying to the present case the rules above laid down, an order will be entered, dismissing the application for mandamus in this court, and directing the clerk to transmit to the superior court the original bill of exceptions in order that such appropriate proceedings may be had in that court as will be necessary to relieve the defects.

Argued October 6, — Decided October 31, 1903.

Petition for mandamus.

*Hardeman, Davis, Turner & Jones,* for plaintiff.
*Roland Ellis* and *John R. L. Smith,* for defendant.