## CORDRAY *v.* SAVANNAH UNION STATION COMPANY.

FISH, C. J. 1. Where the judge of the superior court signed a bill of exceptions as of a certain date, after the rendition of the judgment to which exception was taken, there is no provision of law for counsel to suggest that such certificate did not speak the truth in this respect, and for this court to require the judge to make an additional certificate as to the time when and the circumstances under which he signed the original certificate, with a view to determining whether it was signed within due time after the judgment was rendered, or was filed within the time prescribed by the statute after it was signed.

(*a*) This court has held that when the judge of the superior court has signed a certificate to a bill of exceptions he has exhausted his power in that regard and can not add a supplementary certificate explanatory of the first. *Woolf* v. *State,* 104 *Ga.* 536 (30 S. E. 796). See also *Dyson* v. *Southern Ry. Co.,* 113 *Ga.* 327 (38 S. E. 749).

(*b*) This case does not fall within the exception to this rule provided by the act of August 22, 1905 (Acts 1905, p. 84). In this connection, see *Jones* v. *State,* 127 *Ga.* 281 (56 S. E. 453).

(*c*) If it were permissible, generally, to return a bill of exceptions to the presiding judge for further certification, it would not be done in a case where the motion for that purpose states that the judge, "at the suggestion of counsel antedated said bill as of May the 4th, the date upon which the same had been tendered to the judge originally."

(*d*) Section 5557 of the Civil Code has reference to defects which can be removed during the term. If supplemental certificates were allowed to be made by a judge to a bill of exceptions, the limitations prescribed by the statute upon the time within which he should certify thereto would be practically destroyed.

2. The act of a clerk in filing or transmitting a paper does not stand on the same basis as the act of the judge in signing the certificate to the bill

of exceptions, which, with the bill of exceptions, constitutes the writ of error. Generally, upon proper suggestion, made in due time, that the date of filing entered by the clerk upon the bill of exceptions was erroneous, the clerk will be ordered to certify to this court the correct date of filing. But his certificate can not be traversed, or extrinsic evidence be introduced to combat it. *McDaniel* v. *Columbus Fertilizer Co.*, 109 *Ga.* 284 (34 S. E. 598).

(a) Where counsel stated in his place that there was an error in the date of the entry of filing entered by the clerk on the bill of exceptions, and moved that this court order the clerk to certify as to what was the correct date of such filing, and thereupon adverse counsel produced a certificate, under seal, of the deputy clerk who made the entry, stating that it was correctly made and on the date when the paper was handed to him for filing and that there was no error in the entry, this court will decline to grant the motion to require a further certificate from the deputy clerk covering the same ground.

(b) No such application was made in this case as in the case of *Cooper* v. *Nisbet*, 118 *Ga.* 872 (45 S. E. 692).

3. The certificate to the bill of exceptions being dated May 4th, 1909, and the filing having taken place on May 24th, it was not filed within the time prescribed by law, and the writ of error must be dismissed. Civil Code, § 5554; *Jones* v. *State*, supra.

*Writ of error dismissed. All the Justices concur, except Beck, J., absent.*

AUGUST 9, 1910.

Motion to dismiss the writ of error.

*Oliver & Oliver,* for plaintiff.

*Anderson & Cann,* for defendant.