## Brown v. The State.

ATKINSON, J. There was no exception to any ruling upon any question of law. The evidence was sufficient to support the verdict. The discretion of the judge in refusing a new trial will not be disturbed.

*Judgment affirmed. All the Justices concur.*

OCTOBER 12, 1910.

Indictment for murder. Before Judge Seabrook. Liberty superior court. April 22, 1910.

*Ben. A. Way,* for plaintiff in error. *H. A. Hall,* attorney-general, and *N. J. Norman,* solicitor-general, contra.

---

## Norris et al. v. Baker County et al.

FISH, C. J. 1. The certificate of the trial judge to a bill of exceptions can not be amended by a supplemental certificate, changing the date thereof to a different date, although the purpose of the supplemental certificate appears to be to correct a mistake in the date of the original certificate, and though counsel for defendant in error may consent to such change being thus made. *Jones* v. *State,* 127 *Ga.* 281 (56 S. E. 453); *Cordray* v. *Savannah Union Station Co.,* 134 *Ga.* 865 (68 S. E. 697).

2. Where the date of the entry of filing by the clerk of the trial court upon the bill of exceptions, when considered in connection with the date of the judge's certificate, shows that the bill of exceptions was filed in the clerk's office more than fifteen days after it was certified by the judge, the writ of error will be dismissed. *Jones* v. *State, Cordray* v. *Savannah Union Station Co.,* supra.

*Writ of error dismissed. All the Justices concur.*

OCTOBER 12, 1910.

Petition for injunction. Before Judge Park. Baker superior court. May 12, 1909.

*Cox & Peacock,* for plaintiffs.

*Benton Odom* and *Pope & Bennet,* for defendants.