## 3480.   CHARLESTON & WESTERN CAROLINA RAILWAY CO. *v.* FINLEY.

1. The petition set out a cause of action, both in form and in substance, and the demurrer, general and special, was properly overruled.
2. In cases where two or more acts of negligence, or other wrongs, are set forth, either one of which alone, or in connection with others alleged, caused or contributed to the injury for which suit is brought, the plaintiff is not required to elect upon which alleged act of negligence or wrong he will go to trial, but he can recover such damages as he has sustained, whether the damages arise from one or from all of the acts of negligence or wrongs alleged, provided the evidence shows that the injury was proximately caused by some one of the acts of negligence or other wrongs; that is, the plaintiff is entitled to recover damages either for negligence or for wilful misconduct as alleged on the part of the defendant, according to the proof.
3. Excerpts from the charge, in effect embodying the foregoing principle of law, were not erroneous.
4. A new trial will not be granted for newly discovered testimony merely cumulative and impeaching in character, and which probably would not produce a different result.
5. The record discloses no material error, and the verdict is supported by some evidence.

DECIDED JANUARY 15, 1912.

Action for damages; from city court of Richmond county—Judge W. F. Eve.   May 18, 1911.

*William K. Miller,* for plaintiff in error.
*Isaac S. Peebles Jr., Sidney Smith,* contra.

HILL, C. J.   W. F. Finley, employed by the Charleston & West-

ern Carolina Railway Company as a freight-train hand running from McCormick to Anderson, South Carolina, sued for damages for personal injuries received June 14, 1907, at Hesters, South Carolina. · A verdict was returned in his favor, for $1,500, and the company's motion for a new trial was overruled. The petition alleged, in substance, that the injuries were received in the following manner: The freight-train stopped at a station called Hesters, for the purpose of unloading freight, a part of which consisted 'of a barrel of kerosene oil weighing about 600 pounds. The conductor of the train entered the freight-car which contained the barrel of oil, at a point opposite to where the freight was usually unloaded, and rolled this barrel to an open door of the car and ordered the plaintiff, who was standing on the ground at the door of the car, to take hold of the barrel and place it upon the ground. On giving this order the conductor pushed the barrel of oil half clear of the threshold of the car door, so that one end of the barrel was held by the plaintiff and the other was resting on the door-sill of the car. While the barrel was in this position, the plaintiff objected to the order of the conductor, and complained that the barrel was too heavy, and that he could not lift and handle it alone. Thereupon the conductor, repeating his order with an oath, without warning pushed the barrel of oil clear of the side of the car ·upon the plaintiff. He attempted to get from under the barrel, but its weight was on him before he was aware of the intention of the conductor to push the barrel out upon him. The barrel falling upon him caused the injury for which he seeks to recover damages, and he alleges that the proximate cause of this injury was the negligent act of the conductor in pushing the barrel of oil upon him without giving him time to get from under the same, and without warning him of his intention. He alleges also that this act of the conductor in pushing the barrel of oil upon him, without giving him warning of his intention so that the plaintiff could escape the consequences of the conductor's act, was wanton conduct, for which the company is liable in punitive damages. He alleges further that the defendant company was negligent in failing to furnish a sufficient number of hands to handle the freight, the regular complement of a freight-train consisting of four brakemen or train hands, and there being at that time only two employed by the company. And he alleges that the company was negligent in that it failed to

furnish proper appliances, such as planks or skids with which to handle and unload this heavy barrel of oil from the box car.

The defendant filed a demurrer, on general and special grounds, which was overruled, and exceptions pendente lite were preserved. The general demurrer was based upon two grounds: (1) that the allegations of the petition failed to show a cause of action; and (2) that the allegations affirmatively showed that the injury was caused by an assumed risk of the employment. The special demurrer was based upon the two grounds that the plaintiff failed to allege why he alone took hold of the barrel of oil, when he saw its size, and voluntarily assumed a position of danger; and that he failed to allege the names of the train crew who were absent.

1. There was no error in overruling the demurrer. The allegations plainly set forth a cause of action resulting from the conduct of the conductor as specifically described. The act of the conductor, in pushing the barrel of oil upon the plaintiff without warning, was not an assumed risk of the plaintiff's employment. The petition alleges plainly that the plaintiff took hold of the barrel of oil, notwithstanding its size, in obedience to the order of the conductor, assuming that he would have the assistance of the conductor in rolling the barrel from the car to the ground. The names of the two absent members of the train crew were wholly immaterial, if in fact four were needed as alleged, and only two were furnished. Counsel for the plaintiff in error contends that whatever danger there was in the unloading of this heavy barrel of oil, it was open and obvious to the plaintiff; that he was not misled, and therefore he can not recover, either under the laws of Georgia; or under those of South Carolina, where the injury occurred, and that it was simply a case where the plaintiff made a miscalculation as to his strength or as to the weight of the barrel; and he relies in support of his position upon those cases decided by the Supreme Court which hold that under such facts no cause of action is shown, such as *Worlds* v. *Georgia Railroad,* 99 *Ga.* 283 (25 S. E. 646), where the employee was ordered to lift and carry cross-ties unaided some 100 yards; *Central Railway Co.* v. *Henderson,* 6 *Ga. App.* 459 (65 S. E. 297), where the employee was ordered to work under a cross-bar resting on two posts, and the cross-bar fell on him; and *Freeman* v. *Savannah Electric Co.,* 130 *Ga.* 449 (60 S. E. 1042), where the employee attempted to work a defective

brake. The present case is clearly distinguishable from these cases and kindred cases, in that the petition alleges that the proximate cause of the injury was the conduct of the conductor in pushing the heavy barrel of oil, without warning, upon the plaintiff, and without giving him an opportunity of getting from under it.

2, 3. Certain excerpts from the charge are assigned as error. These excerpts relate to the allegation that the master was negligent in failing to supply a sufficient force of workmen for the operation of the train, and in failing to supply its employees with suitable machinery and appliances for unloading heavy freight. It is insisted that these instructions were not applicable to the case, in that the plaintiff's positive evidence proved that the proximate cause of his injury was the act of the conductor in pushing the barrel of oil directly upon him without warning, and thus excluded the other allegations of negligence. Unquestionably the excerpts objected to contain correct principles of law. They were certainly applicable to the allegations of the petition. But even if they were wholly inapplicable to any of the evidence, we do not think that the defendant was injured thereby, or that the jury were misled into thinking, from the fact that these principles were charged, that there was evidence in the case to which they applied. As a matter of fact the plaintiff testified that there was an insufficient number of hands, and that there was a failure to furnish proper appliances to enable them to unload safely the heavy freight. But regardless of these allegations of negligence, it is manifest that the jury were authorized to find a verdict for the plaintiff, if they believed his testimony as to the act of the conductor in pushing the barrel of oil upon him without warning, irrespective of all the other allegations. In other words, where the evidence shows that the plaintiff was entitled to recover the amount of damages awarded him under one of the allegations on which he relied for recovery, we do not feel that we are required to grant a new trial because there were other allegations as to acts of negligence which he did not prove were proximate causes of his injury. If the jury believed the evidence of the plaintiff (and they had a right to believe it), he was entitled to recover, notwithstanding the fact that there were other allegations on which there was no proof. In our opinion, where two or more causes of negligence are set out in a petition, and damages are claimed also because of a wilful and wanton act

done by an employee in the scope of his employment, the plaintiff would have a right to recover either upon one or more of the acts of negligence alleged, or upon the wilful and wanton act, according to the proof. He would not be required to elect between the acts of negligence and the wilful and wanton conduct, but he could submit his whole case to the jury, and if he proved either one, and this one was the proximate cause of the injury, either alone or in connection with the others, it would be sufficient to sustain a verdict in his behalf. It is not necessary for the jury to agree on one act of negligence, or on the wilful and wanton act. Some of the jury might believe one, and some the other, and the verdict would be authorized, although in arriving at it the jurors pursued different routes. And in such case certainly the defendant would have no right to complain because the judge in his general instructions charged the jury separately as to the rights and defenses relating to the allegations of negligence, and as to the claim of wilful misconduct. This, we think, is what is meant by this court in *Central Ry. Co.* v. *Moore*, 5 *Ga. App.* 564 (63 S. E. 642), and by the Supreme Court in *Southern Ry. Co.* v. *Davis*, 132 *Ga.* 118 (65 S. E. 131). See also the case of Boggero *v.* Southern Ry. Co., 63 South Carolina, 104 (41 S. E. 822), relating to the statute of South Carolina applicable to the present case. In this latter case the following charge substantially was approved: "I charge you that in all cases where two or more acts of negligence or other wrongs are set forth in a complaint as causing or contributing to the injury for which suit is brought by plaintiff, the plaintiff is not required to elect upon which alleged act of negligence or wrong he will go to trial, but he is entitled to submit his whole case to the jury, under the instructions of the court, and recover such damages as he has sustained, whether such damages arise from one or all of such acts of wrong alleged in the complaint, provided the jury believe from the evidence that plaintiff was injured, the result of which was due to the negligence of the plaintiff, which was the proximate cause of any or all of the alleged acts of negligence or wrong. That is, the plaintiff is entitled to recover damages both for negligence and wilful misconduct on the part of defendant or its agents, according to proof." What we have said here is applicable to all the excerpts from the charge which are objected to.

4. The plaintiff in error insists that the employee was not in-

jured to the extent that he alleged; that the hernia from which he was suffering was not caused by the heavy barrel of oil being pushed upon him, and by his effort to extricate himself from the danger caused thereby, but that he had previously suffered from this trouble; and, to support this allegation, it submits, as a part of its motion for a new trial, alleged newly discovered testimony. This question was squarely made an issue on the trial, and the evidence was in direct conflict. The alleged newly discovered testimony would simply be cumulative and impeaching in character, and we do not think it would be likely to produce a different result on another trial. This being so, we can not hold that the trial judge abused his discretion in refusing a new trial on this ground.

5. After giving to all the assignments of error a careful consideration, we are satisfied that there was no material error of law committed against the defendant; that while some of the charge was inapplicable, it was not misleading or prejudicial; that the justice of the verdict rests upon the wilful act of the conductor in pushing the barrel of oil on the plaintiff without warning and without giving him an opportunity of escaping the result consequent upon such act. If this was the proximate cause of the injury, the plaintiff was entitled to recover damages; and the jury had the right to believe the evidence of the plaintiff on this subject. The amount of the verdict is not excessive, in view of the injury shown by the testimony of the plaintiff, and of the further fact that the jury were authorized to find that the wrong complained of was attended by circumstances of aggravation.

*Judgment affirmed.*