## BEELAND, sheriff, *et al. v.* REYNOLDS BANKING COMPANY.

Under the allegations of the petition the plaintiff was not entitled to the relief sought; and the court erred in refusing to dismiss the petition on demurrer, and in continuing the temporary restraining order.

SEPTEMBER 21, 1916.

Equitable petition.  Before Judge  Gilbert.  Taylor superior court.  June 10, 1915.

Southern Pacific Guano Company obtained a judgment against E. B. English.  Execution issued on the judgment, and was levied on certain cotton.  Reynolds Banking Company interposed a claim, and caused the sheriff to deliver the cotton to it on its giving a bond conditioned to have the cotton forthcoming on the day of sale.  The claim was dismissed, and the sheriff, for the use of the Guano Company, brought suit on the bond, alleging a breach of the condition.  To this suit the Banking Company filed pleas in abatement and to the merits.  The plea in abatement was stricken on demurrer, and after hearing evidence the court directed a verdict for the plaintiff.  The Banking Company sued out a bill of exceptions, which was dismissed in the Supreme Court on the ground that service of the bill of exceptions on the opposite party was not had within the time required by the statute. 142 *Ga.* 242 (82 S. E. 662).  Thereupon the Banking Company filed its petition for injunction to restrain the enforcement of the judgment, on the ground that the dismissal of the bill of exceptions in the Supreme Court was procured by the fraud of R. S. Foy, who appeared as counsel for the Guano Company, but who was the real owner of the judgment.  The fraud alleged against Foy was based on these allegations:  Within the time allowed by law the Banking Company tendered its bill of exceptions to Judge Gilbert, who presided at the trial.  The bill of exceptions was transmitted by mail to Judge Gilbert by Messrs. Allen & Pottle,

attorneys for the Banking Company, with the request that he certify and mail same to Jere Moore at Montezuma, Georgia, in a stamped and addressed envelope, which was enclosed. On May 5, 1914, Judge Gilbert, in a letter to Messrs. Allen & Pottle, acknowledged receipt of the bill of exceptions, stating: "As·is my usual custom, I will sign the bill of exceptions to-day and send it to opposing counsel, reserving the right to correct any matter which I may have overlooked." Accordingly, Judge Gilbert signed the certificate to the bill of exceptions and enclosed it in a letter to Foy, requesting him to examine it, and, if any corrections were necessary, to return it to him; if none, to forward it to Jere Moore in enclosed stamped envelope. Judge Gilbert stated in the letter that he signed the bill of exceptions, reserving the right to make corrections. Under date of May 7th Mr. Foy wrote to Judge Gilbert that one recital of fact in the evidence as contained in the bill of exceptions was inaccurate. Judge Gilbert communicated this objection to Messrs. Allen & Pottle; and on May 9th the senior member of that firm wrote to Judge Gilbert, insisting on the accuracy of the evidence as contained in the bill of exceptions, and · suggesting that the judge compare it with the official stenographic report. On the same day Mr. Allen also wrote to his associate counsel, Jere Moore, advising him of the contents of his letter to Judge Gilbert. In reply to Mr. Foy's letter, Judge Gilbert wrote to him, under date of May 8th, advising him to hold bill of exceptions, or return it to him until the matter could be taken up with opposing counsel. He stated that he would write Mr. Allen, and suggested that Mr. Foy also write Mr. Allen. The correspondence ceased with these letters. Later Mr. Foy sent the bill of exceptions to the clerk of the superior court, who filed the same. It was too late after the filing to have the bill of exceptions served within the time required by the statute. It was charged that in violating the confidence and trust placed in him by the court, who only intended his certificate to be conditional, Foy committed a fraud by mailing the certified bill of exceptions to the clerk, instead of returning it to the court, and in this way deprived the Banking Company of the right of review of the judgment by the bill of exceptions, which was dismissed by the Supreme Court on his motion. The Banking Company offered to do equity by entering into any stipulation or agreement which the court

might prescribe, the effect of which would be to restore the case to the control of the presiding judge of the superior court, so that a new certificate might be made by him, to the end that the judgment might be reviewed by the Supreme Court; and averred that if Foy refused to do equity, he should be enjoined from enforcing his judgment. The court granted a temporary restraining order. At the appearance term the defendants demurred, and moved to vacate the restraining order. The court overruled the demurrer and the motion to vacate; and these rulings are under review.

*W. F. Weaver, R. S. Foy,* and *Crum & Jones,* for plaintiffs in error.

*Jere M. Moore* and *Little, Powell, Smith & Goldstein,* contra.

EVANS, P. J. (After stating the foregoing facts.) The plaintiff in its petition proceeded upon the theory that, under the circumstances appearing in the statement of facts, the certificate to the bill of exceptions was not only not intended to be final, but was ineffective as a final certificate; always under the control of the judge until released by him in the manner pointed out in his letter. If we treat the bill of exceptions as never having been finally certified, and as having been improperly or fraudulently filed by counsel for the defendant in error, so as to give it a legal effect, the remedy would have been to promptly apply to a court of equity for the cancellation of the clerical act of filing the bill of exceptions in the office of the clerk of the superior court. The code provides that if the judge shall determine that the bill of exceptions tendered to him is not true, he shall return it, within ten days, to the party or his counsel, with his objections to the same in writing. If those objections are met and removed, the judge may then certify, specifying in his certificate the cause of the delay. If the cause of the delay is not attributable to the plaintiff in error, the bill of exceptions will not be dismissed. Civil Code (1910), § 5158. Counsel was apprised that the delay in the service of the bill of exceptions would be taken advantage of, immediately after the filing of the bill of exceptions in the office of the clerk of the superior court, and more than a year before the present petition was filed to vacate the judgment in the Supreme Court, predicated upon facts connected with the filing of the bill of exceptions in the office of the clerk of the superior court. The plaintiff's contention being that the certificate to the bill of exceptions was not

intended to be final, and that the bill of exceptions was subject to modification, it should have moved promptly to obtain a removal of the only obstacle in the way of such relief, by applying to a court of equity for the cancellation of the filing in the clerk's office. The alleged fraud was practiced upon the judge of the superior court, in filing the bill of exceptions when not authorized so to do. The long delay in moving for an appropriate remedy debars the plaintiff of the right of relief, even if its petition was maintainable under equitable principles. It is a fundamental principle that a court of equity will not relieve parties from a judgment which they might have prevented but for their own negligence. *Bryan* v. *Walton,* 33 *Ga. Supp.* 11; *Rogers* v. *Kingsbury,* 22 *Ga.* 60.

But it is contended that, as the present proceeding was filed within 60 days after the judgment of dismissal of the bill of exceptions, the plaintiff has a right to set aside the judgment as obtained by fraud. It is true that a judgment of the Supreme Court, like other judgments, may be set aside for fraud. *Wade* v. *Watson,* 133 *Ga.* 608 (66 S. E. 922). In that case a judgment of reversal was procured, and the party defrauded was held to be entitled to the judgment rendered in the lower court, because its reversal in the Supreme Court had been obtained by fraud. In the present case the effect of the dismissal of the bill of exceptions was to affirm the judgment in the court below, and the plaintiff seeks relief for the purpose of reviewing the judgment of the superior court by a petition in the nature of a bill of review. Technically a bill of review, or in the nature of a bill of review, is available only for the correction of judgments rendered by a court of equity. If the remedy be extended to a case for the review of a judgment rendered in a court of law, the remedy can not be extended to the *instant case,* where the judgment sought to be set aside could have been prevented if the party had seasonably moved to have vacated the entry of filing of the bill of exceptions.

Counsel for the defendant in error cite the case of *Kohn* v. *Lovett,* 43 *Ga.* 179, as a physical precedent for the present proceeding. The facts of that case vary from the case at bar, and it is not controlling. Inasmuch as the plaintiff was not entitled to the relief sought, it was error for the court to refuse to dismiss the case on demurrer, and to continue the temporary restraining order.

*Judgment reversed. All the Justices concur, except Gilbert, J., not presiding.*