### FELKER *v.* STILL, administrator, *et al.*

GILBERT, J. Defendants in error move, upon two grounds, for dismissal of the writ of error, first, because it does not affirmatively appear from the record that the bill of exceptions was signed and certified by the court below within twenty days from the rendition of the decision (a refusal to grant an interlocutory injunction); second, because the same was not filed in the office of the clerk of the superior court of Walton County within fifteen days from the date of the certificate of the judge. The bill of exceptions recites that the hearing was had August 2, 1924, and that "now on the 22nd day of August, 1924," plaintiff in error presents the bill of exceptions for certification. The

typewritten date "22nd" appearing in the certificate of the judge upon the bill of exceptions was stricken and the figures "21" written above with pen and ink, so that from the certificate it appears that it was made on August 21st, 1924. The right to move for dismissal upon this ground was reserved by counsel for defendants in error in their acknowledgment of service on the bill of exceptions. The entry of filing on the bill of exceptions is as follows: "Filed in office this 8th day of Sept., 1924. J. E. Malcolm, Clerk." Subsequently the clerk made an affidavit to the effect that the date of filing appearing on the bill of exceptions was incorrect and that it was filed "not later than Sept. 4th, 1924," and "within the 15 days required by law." Still later he made another affidavit that "the entry on the original bill of exceptions showing date Sept. 8th, 1924, as time of filing in this office is correct date of such filing." These affidavits are attached to briefs filed by the respective counsel. *Held:*

1. If the bill of exceptions be treated as having been certified on August 22nd, as contended for by defendant in error, this would comply with the terms of the Civil Code (1910), § 6153, requiring the bill of exceptions to be certified "within twenty days from the rendition of the decision." In computing the number of days within which the bill of exceptions must be certified, the first or the last day should be excluded. *Rusk* v. *Hill*, 117 *Ga.* 722 (45 S. E. 42).

2. The bill of exceptions, as shown by the entry of the clerk of the superior court, was filed in the office of said clerk on the eighth day of September, 1924. More than fifteen days elapsed between the date of certification and the date of filing; and this is true whether the date of certification be considered as August 21st, 1924, or August 22nd, 1924. The writ of error must therefore be dismissed. Civil Code (1910), § 6167; *Swafford* v. *Swafford*, 125 *Ga.* 386; *Curry* v. *Curry*, 129 *Ga.* 269 (58 S. E. 697); *Norris* v. *Baker County*, 135 *Ga.* 229 (69 S. E. 106); *Goodin* v. *Mills*, 137 *Ga.* 282 (73 S. E. 399); *Fuller* v. *Phœnix Construction Co.*, 145 *Ga.* 656 (89 S. E. 718); *Williams* v. *Phillips*, 149 *Ga.* 64 (99 S. E. 40).

(*a*) "The official entry made by the clerk of a trial court, as to the date on which a bill of exceptions was filed in his office, imports absolute verity, and can not be impeached in the Supreme Court by the production of aliunde proof that the bill of exceptions was, in point of fact, filed at an earlier date. *Ga. Fla. & Ala. Ry. Co.* v. *Lasseter*, 122 *Ga.* 679, and cit." *Swafford* v. *Swafford*, *Norris* v. *Baker County*, supra, *Cordray* v. *Savannah Union Station Co.*, 134 *Ga.* 865 (2 *a*) (68 S. E. 697).

(*b*) Nothing in this ruling conflicts with the provisions of the Civil Code (1910), §§ 6179, 6189.

> *Writ of error dismissed. All the Justices concur.*

No. 4527. MARCH 11, 1925. REHEARING DENIED APRIL 20, 1925.

Petition for injunction. Before Judge Fortson. Walton superior court. August 2, 1924.

*J. H. Felker,* for plaintiff.

*O. Roberts* and *R. L. & H. C. Cox,* for defendants.