16798. GIBBS *v.* JOHN HANCOCK MUTUAL LIFE INS. CO.

JENKINS, P. J. 1. "Where the date of the entry of filing by the clerk of the trial court upon the bill of exceptions, when considered in connection with the date of the judge's certificate, shows that the bill of exceptions was filed in the clerk's office more than fifteen days after it was certified by the judge, the writ of error will be dismissed." *Norris v. Baker County,* 135 *Ga.* 229 (2) (69 S. E. 106); *Goodin v. Mills,* 137 *Ga.* 282 (73 S. E. 399); *Tatum v. Trapnell,* 30 *Ga. App.* 104 (117 S. E. 251).

2. It appearing from the record that the date of the unqualified certificate of the judge to the bill of exceptions is July 31, 1925, and that the date of the filing of the bill of exceptions in the office of the clerk of the trial court is August 21, 1925, the motion to dismiss the writ of error must necessarily be sustained. Civil Code (1910), § 6167.

*Writ of error dismissed. Stephens and Bell, JJ., concur.*

DECIDED JUNE 15, 1926.

Complaint; from city court of Tifton—Judge Bennet. July 15, 1925.

*Jeff. S. Story, Hendricks & Hendricks,* for plaintiffs in error.

*Rogers & Rogers,* contra.

---

Appeal and Error, 4 C. J. p. 271, n. 32; p. 299, n. 71; p. 570, n. 91.