29618. SOUTHERN GROCERY STORES INC. *v.* GREER.

DECIDED DECEMBER 1, 1942.  REHEARING DENIED DECEMBER 15, 1942.

*Hirsch, Smith, Kilpatrick, Clay & Cody, E. D. Smith Jr., Lucien P. Goodrich,* for plaintiff in error.

*Harvey J. Kennedy, E. O. Dobbs,* contra.

MacIntyre, J. 1. There is a motion to dismiss the writ of error. The bill of exceptions and the certificate of the judge,

which constitute the writ of error, are regular on their faces in every respect, as they appear in this court. The record shows on its face that the bill of exceptions was presented, certified, filed, and served in the manner and in the time provided by law. The certificate is dated March 20, 1942. This was within the time required by law for such certification. The filing of the bill of exceptions, as shown by the record transmitted to this court, was on March 20, 1942. The law requires the filing of the bill of exceptions within fifteen days from the date of certification. Code, § 6-1001. The service as shown by the record was March 21, 1942, which was within ten days after the bill of exceptions was signed and certified. Code, § 6-911.

The defendant in error moves to dismiss the writ of error on the ground that the service was too late under the rules of this court, and attaches to this motion an affidavit of the clerk of the superior court which in part states: "I was instructed [by the attorney for plaintiff in error] to write an entry of filing thereon [the bill of exceptions] on that date which was March 2, 1942. I accepted said paper and marked it filed, dating it March 20, 1942." This affidavit was dated March 6, 1942. Thereupon, at or before the time of the argument of this case in this court, the plaintiff in error filed an affidavit here dated March 9, 1942, in which the clerk of the superior court in part stated: "I understood that the bill of exceptions was filed in my office on March 20, 1942, as stated in my original certificate as Mr. Goodrich [attorney for plaintiff in error] had expressly instructed me not to file them until March 20, 1942, although he left them in my office on March 2, 1942. This being done, as I understood it, for my accommodation, in as much as I would probably be busy with court work for the next several days."

If the bill of exceptions was filed on March 2, 1942, the motion should be sustained; if it was filed March 20, 1942, it should be overruled. The act of the judge in signing the certificate which, with the bill of exceptions, constitutes the writ of error, stands on a different basis from the act of the clerk in filing or transmitting a paper from the superior court to this court. *Cordray* v. *Savannah Union Station Co.*, 134 *Ga.* 865 (68 S. E. 697). The Supreme Court has held that when the judge has signed the certificate to a bill of exceptions he has exhausted his powers in that regard, and

can not add a supplementary certificate explanatory of the first. *Cordray* v. *Savannah Union Station Co.*, supra, (2 a) and cit. This case does not fall within the exception to this rule provided in the Code, § 6-810(1), which relates to "material evidence" omitted.

With reference to the act of the clerk in filing or transmitting papers to this court, "Generally, upon proper suggestion, made in due time, that the date of filing entered by the clerk upon the bill of exceptions was erroneous, the clerk will be ordered to certify to this court the correct date of filing. But his certificate can not be traversed, nor extrinsic evidence be introduced to combat it." *Cordray* v. *Savannah Union Station Co.*, supra. The second affidavit of the clerk was, in effect, the stating of additional facts which tended to show that the mental assent of both the clerk and the counsel for plaintiff in error, which gave birth to the actual legal filing of the bill of exceptions, was that the bill of exceptions was filed on March 20, 1942. *Evans* v. *Nail, 7 Ga. App.* 129 (66 S. E. 543). The last affidavit, or certificate if you wish to call it such, of the clerk reiterated the fact, in effect, that the bill of exceptions, as shown by the record transmitted by him to this court, was filed on March 20, 1942, and in effect stated that there was no error in the entry on the bill of exceptions as it now appears in this court, which states that it was filed on March 20, 1942. Under these circumstances this court will decline to grant the motion of the defendant in error to require a further certificate from the clerk again covering the same thing (*Cordray* v. *Savannah Union Station Co.*, supra), and the motion to dismiss the writ of error is overruled. *Kohn* v. *Lovett, 43 Ga.* 179; *Akin* v. *Edmonds, 177 Ga.* 760 (171 S. E. 272) ; *Norris* v. *Baker County, 135 Ga.* 229 (69 S. E. 106) ; *Beeland* v. *Reynolds Bkg. Co., 145 Ga.* 839 (90 S. E. 46) ; *Kniepkamp* v. *Richards, 192 Ga.* 509 (16 S. E. 2d, 24) ; *Swafford* v. *Swafford, 125 Ga.* 386 (53 S. E. 959) ; *Georgia &c. Ry. Co.* v. *Lasseter, 122 Ga.* 679 (51 S. E. 15) ; *Jordan* v. *Bosworth, 123 Ga.* 879 (51 S. E. 755) ; *Foster* v. *First National Bank, 56 Ga. App.* 880 (194 S. E. 225) ; *Wiseberg* v. *Novelty Hat Mfg. Co., 3 Ga. App.* 362 (59 S. E. 1112) ; *McDaniel* v. *Columbus Fertilizer Co., 109 Ga.* 284 (2) (34 S. E. 598) ; *King* v. *Knight, 42 Ga. App.* 269 (155 S. E. 784) ; *Fincher* v. *Satterfield, 22 Ga. App.* 151 (95 S. E. 747) ; *Banks* v. *State, 30 Ga. App.* 358 (118 S. E. 579).

2. "Where the owner or occupier of land, by express or implied invitation, induces or leads others to come upon his premises for any lawful purpose, he is liable in damages to such persons for injuries occasioned by his failure to exercise ordinary care in keeping the premises and approaches safe." Code, § 105-401. There is no extra or unusual degree of care chargeable to the proprietors of the store of the defendant with respect to its customers. They are merely under the duty of exercising ordinary care to keep their store in a safe condition. The proprietor of a store to which prospective customers are invited, like any other person who expressly or impliedly invites others upon his premises, is not an insurer of their safety while in the store, but owes to them merely the duty of exercising ordinary care to keep the store in a safe condition for their proper use. F. W. Woolworth Co. v. Williams, 41 Fed. 2d, 970, 972. In a case where two or more acts of negligence, or other wrongs, are set forth in the petition, either of which alone, or *in connection* with others alleged, was shown by the proof to have caused or contributed to the injury for which suit is brought, the plaintiff is not required to elect upon which alleged act of negligence or wrong he will rely; but he can recover such damages as he has sustained, whether the damages arise from one or from all the acts of negligence or wrongs alleged, provided the evidence shows that the injury was proximately caused by any one of the acts of negligence considered separately, or by some one of the acts of negligence in connection with any one or more of the other acts of negligence. *Charleston & Western Carolina Railway Co.* v. *Finley,* 10 *Ga. App.* 329 (2) (73 S. E. 542).

Whether the tin was unattached to the floor and was being shifted around by the feet of other customers or otherwise, or might be said to be a foreign substance, or whether it was so firmly nailed to the floor as. to become an integral part thereof, the question in either event would be whether the proprietor had exercised ordinary care to keep the floor in a safe condition for the proper use of the customers. It seems to us in the present case that the evidence does not show that the presence of the banana peeling or the grease spot on the floor was caused by the defendant or its agents or servants, or that it had been there a sufficient length of time to charge the defendant with constructive notice of its presence. *Cook* v. *Kroger Baking & Grocery Co.,* 65 *Ga. App.* 141 (15

S. E. 2d, 531); *Brown* v. *S. H. Kress Co.*, 66 *Ga. App.* 242 (17 S. E. 2d, 758). Hence, the first question to be determined is whether or not the piece of tin, which the defendant said it had securely and properly nailed to the floor to cover small holes, made the floor unsafe for the use to which the plaintiff, a customer, was putting the floor on the occasion in question.

Under the evidence in this case, if the banana peeling was the sole cause of the injury, or the grease spot on the floor was the sole cause, the evidence would not be sufficient to show that the proprietor had actual or constructive notice of the presence of either; but the evidence showed that the presence of the tin was known to the proprietor or manager of the store. According to his own testimony he placed the tin on the floor and securely fastened it thereto in order to cover a hole or holes; and the plaintiff testified that after the fall he lost consciousness and on regaining consciousness, near where he had fallen, he saw "a banana peeling there near this piece of tin, and that was where I slipped there on that piece of tin. That piece of tin was slick and looked like it had been oiled. The banana peeling was an old black banana peeling that looked like it had been there a good while. It was ripe and bruised. There was evidence of something left on my foot. On the bottom of this foot it looked like a banana peeling had come off and grazed across on this shoe. There was evidence on the floor to show where my foot slipped for about fifteen or eighteen inches there near this piece of tin. [As to what I claim caused me to fall, I will say I don't know whether it was the slick tin, or oil, or banana peeling or all of them.]" Thus, the jury could have found that he slipped "fifteen or eighteen inches" after stepping on the tin. There was testimony other than the plaintiff's that the floor was in the same condition, as it related to the piece of tin, on July 1, 1940, as well as a year before that date; that people other than the plaintiff had slipped on this same piece of tin; and that this condition of the floor had been reported to the officials of the company. However, the floor had remained in the same condition.

This testimony, in our opinion, presented a jury question as to whether the piece of tin, placed as it was in a grocery store, whose customer was using the floor in a proper manner, was so slick under the circumstances as to make it unsafe for the plaintiff, a cus-

tomer, or whether, the oil, if any, on the tin made the floor unsafe; or whether the tin, in connection with the banana peeling which was near the piece of tin, was the proximate cause of the injury, provided the evidence showed that, after all, the injury was proximately caused by the tin which the defendant itself had put on the floor and which made the floor unsafe for customers in its proper use. *Charleston & Western Carolina Railway Co.* v. *Finley, supra.*

If a person other than the defendant put the banana peeling or other foreign substance on the floor, and the defendant had no notice actual or constructive thereof, and the foreign substance was the sole cause of the fall, the plaintiff should not recover. But if the concurrent act of another customer and the defendant were the two causes which combined to produce the injury, the defendant would not be relieved from liability because he was responsible for only one of the acts, where the defendant's act was a negligent one, for even the negligence of two or more persons may concur and each be liable. 4 Reid's Branson Instructions to Juries, 369.

Plaintiff was not required to approach the proof of what caused his injury by undertaking to eliminate everything that might have caused it, and then finally, after eliminating all other likely causes, arrive at the conclusion that the remaining thing or things caused it. Thus it can not be said that until all other likely causes, save the act or acts relied on, have been eliminated, was the jury authorized to find what act or acts did cause the injury, but the plaintiff was permitted to approach the subject from an affirmative angle by proving, in the first instance if he could, what named act or acts did cause the injury. Nevertheless, we realize that if, from the same proof, there are two or more plausible explanations or theories of causation as to how an event happened, or what produced it, and if the evidence is without selective application to any one of them, they remain conjectures only, and a finding of fact based on conjectures merely can not be upheld. On the other hand, if there is evidence which points to any one theory of causation indicating a logical sequence of cause and effect, then there is a juridical basis for a determination as to how the event happened, and a jury would be authorized to select this theory notwithstanding the existence of other plausible theories with or without sup-

port in the evidence. In short, in the latter case, the jury would be exercising an authorized inference of how the accident occurred, and would not be basing their finding on a mere guess or conjecture.

The same principle would apply if two concurrent acts of negligence were the proximate cause of the injury. "There may be two or more proximate causes but only one immediate cause." Black's Law Dictionary (3d ed.), 1158. The fact that on cross-examination the plaintiff testified as indicated by brackets above, we do not think would preclude him from recovery. The jury could have found that he was, in effect, there saying that he did not see what caused his fall, and therefore would not swear directly from his own knowledge what caused it. Yet the jury could have inferred from the facts, testified to by the plaintiff and the other witnesses, as to what did cause his fall. If we concede that a customer other than the plaintiff, or the defendant, put the banana peeling on the floor, yet it was issuable whether the concurrent acts of both the defendant and the other customer, or the separate acts of either, were the proximate cause of the injury. *Bonner* v. *Standard Oil Co.*, 22 *Ga. App.* 532 (96 S. E. 573). If the separate act of negligence of the defendant was the sole cause of the injury, or the concurrent acts of the defendant and another caused the injury, the plaintiff would be entitled to recover. The evidence authorized the verdict.

2. The court charged: "I charge you, gentlemen of the jury, if you believe from a preponderance of the evidence in the case that the plaintiff was in the exercise of ordinary care while he was a customer in the store of the defendant company, at the time stated, and his foot slipped on a piece of tin, or banana peeling on the floor, which was placed there by the defendant company, or which had been there a sufficient length of time for the defendant company to have had constructive knowledge thereof, and that the defendant company failed to exercise ordinary care, in that it failed to keep the floor of its store in a safe condition for use of its customers, to wit, the plaintiff, and that the negligence of the defendant company, if you find that the defendant company was negligent, was the proximate cause of the injuries alleged to have been received, or some, or all of them, by the plaintiff, then the

plaintiff would be entitled to recover and you should so find by your verdict.

"[In that connection, I charge you that the defendant company is not the insurer of the safety of persons in its store. It needs to exercise ordinary care only. The mere fact of the presence of a piece of tin, or banana peeling, or other foreign substance on the floor of the defendant company would not prove the defendant company to be negligent. *Before the defendant company could be held liable it must be proved by a preponderance of the evidence that the defendant company knew of the presence of the banana peelings, or tin patches, or pieces, or other foreign substance, on the floor of its store, and that it had been there such length of time that the defendant company could have or should have known of its presence as a dangerous substance to the plaintiff as its customer*]." (Italics ours.)

The defendant complains of the part of the charge enclosed in brackets, and particularly of the part italicized, on the ground that the court in effect instructed the jury that if the defendant knew of the presence of the piece of tin on the floor the defendant was negligent. And it further contends in view of the fact that the defendant had admitted that in remodeling the store it had put the piece of tin on its floor for the purpose of covering a small auger hole, that "the charge was so worded, that when the defendant admitted the presence of the piece of tin, there remained in the case only one question—how much."

The first paragraph of the excerpt quoted is a statement of the general substantive law as provided in the Code, § 105-401, which deals with the duties of a storekeeper in keeping the premises safe for invitees. And the second paragraph of the excerpt, which is enclosed in brackets, is the part objected to by the defendant. It should be noted that this part of the charge is expressly restricted to that phase of the evidence only which relates to foreign substances on the floor. If the piece of tin was a foreign substance it came under that part of the charge in brackets which is objected to, and this part of the charge is correct as it related to foreign substances. If, in repairing the floor, the tin was so integrated as to become an integral part of the floor, it was not a foreign substance and came under the general rule of keeping the floor in proper repair.

We think the charge substantially embraced the law laid down in Code § 105-401 which is the substantive law of this case, and that the issues were substantially covered by the charge. If the defendant thought the charge not full enough, or clear enough, or omitted something that would put its side of the case more fully before the jury than the charge given, then the notice of the court should have been called thereto, and in the absence of an appropriate written request the defendant can not complain here.

Careful consideration of the entire record discloses no error of law which would authorize a reversal of the judgment. The evidence authorized the verdict.

*Judgment affirmed. Broyles, C. J., and Gardner, J., concur.*