HUB BUILDING & LOAN ASS'N. et al. *v.* WARREN et ux.

In Banc. Oct. 10, 1949.

No. 37181 (42 So. (2d) 203)

Morris & Morris, for appellants.

**T. Price Dale,** for appellees.

**McGehee, C. J.**

This is a suit brought by the appellees, DeWitt Warren and his wife, Virdie Warren, to enjoin the foreclosure of a deed of trust in pais, which was executed on August 26, 1947, and held by the appellant, Hub Building and Loan Association, a corporation, at Hattiesburg, Mississippi, as executed by the appellees in favor of said corporation for an original indebtedness of $800.00 plus an expense of $35.00 incident to the closing of the loan for said principal sum. The property described therein comprises a house and lot in Hattiesburg, and is located in a sixteenth section of land, the 99-year lease of which was about to expire at the time the appellees purchased the property from one Rosa Lee Hand, mother of the said Virdie Warren.

Out of the loan of $800.00, the appellant Building and Loan Association paid the sum of $500.00 to the said

Rosa Lee Hand, and under an agreement with her, to which the appellees were not parties, the Association retained the sum of $300.00 of the loan for the purpose of obtaining from Forrest County a renewal of the lease aforesaid, paying an appraisal fee to the county and an attorneys' fee for the services of the law firm of Morris and Morris in connection with the matter of obtaining such renewal lease at a fair price and procuring the execution thereof from the Board of Supervisors.

When F. M. Morris, Jr., trustee in the deed of trust, was about to sell the property on July 7, 1948, for a default by the appellees in the payment of four monthly installments of $15.00 each on the loan obtained by them from the mortgagee Building and Loan Association, the said DeWitt Warren and Virdie Warren filed their bill and obtained a temporary injunction on the day set for the sale and prevented such sale from being made until an accounting could be had between them and their said mortgagee as to the amount of the indebtedness then owing by them under the deed of trust, and without alleging that the said Building and Loan Association was then insolvent. The trustee therein and the mortgagee were the sole defendants.

Upon the hearing of the motion and answer filed by defendants, wherein a dissolution of the temporary injunction was sought, and at which hearing the parties agreed for the cause to be finally determined on its merits, it developed that the complainants had obtained on July 6, 1947, an assignment from Rosa Lee Hand, then of Muskegon, Michigan, for an alleged balance of $87.50 due as a refund from the $300.00 left by the assignor with the defendant Building and Loan Association with which to pay to the county the price of the renewal lease, the appraisal fee in connection therewith, and the attorneys' fee for the law firm of Morris and Morris, composed of F. M. Morris, Sr. and F. M. Morris, Jr. This assignment was set up by the complainants as an offset against the

$60.00 due on monthly installments then in arrears, plus $10.15 printers' fees in connection with the attempted foreclosure, and a reasonable trustee's fee of $25.00 for which the complainants admitted liability in their bill. The trial court disallowed the printers' fee and the trustee's fee incident to the attempted foreclosure and perpetuated the injunction, and stated an account between the parties.

It also developed at the hearing that Rosa Lee Hand was contending, and so testified, that the attorneys' fee to the firm of Morris and Morris for their services in connection with obtaining the renewal lease at a fair price and procuring its execution was agreed upon at the sum of $25.00, whereas the said attorneys each testified that the amount agreed upon was the sum of $100.00. Her assignment to the complainants in this suit of the claim of $87.50 took into account $187.50 as the purchase price of the lease, and $25.00 for the attorneys' fees, but did not take into account the $15.00 paid by the county to the appraisers of the property for their services before the price of the lease was fixed by the Board of Supervisors at $187.50. In other words, Rosa Lee Hand was entitled to a refund of only $72.50 provided she owed only $25.00 instead of $100.00 as attorneys' fees, in connection with obtaining the renewal lease, when the $15.00 appraiser's fee is taken into account, she having agreed that the renewal lease should be obtained at her expense.

Her claim for the refund was then an unliquidated demand, since the attorneys were contending, and so testified, as aforesaid, that she agreed to pay them a fee of $100.00 out of the $300.00, and which amount had been paid to them by the defendant Building and Loan Association.

It further developed at the hearing aforesaid that the complainants were not entitled to the injunction until an accounting between them and the Building and Loan

Association could be had, and especially in the absence of an allegation of insolvency of said defendant, when it was shown without dispute that no accounting was necessary, especially since the complainants admitted that they held receipts from the mortgagee for every dollar they had paid on the indebtedness, and never carried their passbook back to the Association to have such credits entered thereon, as shown by the books of the mortgagee, and as shown by statement rendered to them while the property was being advertised for sale and before the institution of this suit. Moreover, the complainants held no claim as an alleged offset against their past-due payments on their indebtedness at the time the foreclosure was commenced, and were liable, as admitted in their bill of complaint, for a reasonable trustee's fee of $25.00 and the printers' fee of $10.15, incurred in connection with such foreclosure. They were also liable for recording fees, stamps, and certain taxes in addition thereto, as shown by the books of the Loan Association and the statement rendered to them.

Moreover, the minutes of the Board of Supervisors would have disclosed the purchase price of the renewal lease, together with the amount due for the fee paid to the appraisers in connection therewith. And in addition to the amounts admitted to be due in past-due installments, printers' fee, and trustee's fee, they were not in position to dispute the charges made by the mortgagee for the cost of recording their deed from Rosa Lee Hand, the deed of trust to the mortgagee, and revenue stamps, taxes, and interest on the past-due payments.

The Court is of the opinion that the case of Co-operative Oil Company v. Greenwood Agency Company, 148 Miss. 536, 114 So. 397, 403, is controlling in the instant case to the effect that ██ ██ ''a court of equity will [not] enjoin a solvent mortgagee from foreclosing his mortgage through advertisement and sale by a trustee until an accounting can be had between the parties

for the purpose of ascertaining whether or not the mortgagor has a counterclaim against the mortgagee, where such counterclaim has arisen out of a separate and distinct transaction from that out of which the mortgage indebtedness arose.'' See also 37 Am. Jur. Sec. 728, p. 157; 19 R.C.L., Sec. 434, p. 617; Caldwell v. Caldwell, 166 Ala. 406, 52 So. 323, 139 Am. St. Rep. 48; Knight v. Drane, 77 Ala. 371; Glover v. Hembree, 82 Ala. 324, 8 So. 251; and McDaniel v. Cowart, 109 Ga. 419, 34 S.E. 589. That is to say, the Court is of the opinion that the counterclaim has arisen out of a separate and distinct transaction from that out of which the mortgage indebtedness arose ██ ██ in that the counterclaim arose out of the agreement between Rosa Lee Hand with the mortgagee that the latter should retain the $300.00 out of which to pay the purchase price for the renewal lease, the appraiser's fee, and the attorneys' fee, in connection therewith, for which the complainants were not responsible, whereas the indebtedness due by the complainants as mortgagors arose out of a loan made directly to them by the mortgagee as evidenced by their promissory note and deed of trust; but without regard to this ██ ██ the attempted set-off constituted an unliquidated demand which could not be used as a set-off or as recoupment against the right of the mortgagee to foreclose its deed of trust in the absence of an allegation of solvency. The latter is true under the holding of the textwriters and authorities generally without regard to what was held in Co-operative Oil Company v. Greenwood Agency Co., supra.

The Court has therefore concluded from the facts hereinbefore stated that ██ ██ the complainants were entitled to neither an accounting nor an injunction and that the injunction should have been dissolved and the bill of complaint dismissed, the complaints having a plain, adequate, and complete remedy at law for the enforcement of their alleged demand for the difference between

a $25.00 and a $100.00 attorneys' fee, the only item which is really in dispute. To litigate such demand the attorneys involved would have been at least proper parties to the suit. Neither they nor Rosa Lee Hand were made parties.

The cause will therefore be reversed and the bill of complaint dismissed.

Reversed and bill of complaint dismissed.