33564.  JONES *v.* SMITH, clerk.

DECIDED MAY 3, 1951.

800

*Robert E. Andrews*, for petitioner.

*R. W. Smith Jr., Wheeler, Robinson & Thurmond*, for respondent.

SUTTON, C.J. (After stating the foregoing facts.) ■ The petition of the applicant for mandamus and the answer of the respondent, denying material portions of the petition, raise a question of fact as to whether the bill of exceptions was tendered to the clerk on February 26 to be filed immediately by him on that date, or was to be held by him and filed at a later date during the fifteen-day period from its certification by the trial judge, which is allowed by law for the filing thereof. The Constitution of this State provides that the Court of Appeals shall have jurisdiction for the trial and correction of errors of law from the superior and city courts in all cases in which such jurisdiction has not been conferred by the Constitution upon the Supreme Court. Code (Ann.), § 2-3708. The Court of Appeals is a court for the correction of errors of law only, and has no jurisdiction to hear evidence aliunde the record, or to decide disputed issues of fact. See *Dover* v. *Harrell*, 60 *Ga.* 111; *Cooper* v. *Nisbet*, 118 *Ga.* 872 (45 S. E. 692). The superior court has concurrent jurisdiction with the appellate court of a mandamus proceeding to compel a clerk to sign and transmit a bill of exceptions which has been duly certified by the trial court and either

may entertain the petition and issue a mandamus nisi; but where it appears from the answer that an issue of fact is involved which will necessitate the hearing of evidence aliunde the record to determine the truth of the case, the superior court, and not the appellate court, is the proper forum. *Cooper* v. *Nisbet,* 118 *Ga.* 872 (supra).

■ "If any sheriff, clerk, or other officer shall fail to discharge any duty required of him by any provision of this Title, upon petition the appellate court, or the judge of the superior or city court, as the case may be, may compel the performance of such duty by mandamus." Code, § 6-918. In *Duke* v. *Trippe,* 6 *Ga.* 317, 321, the court in dealing with this statute ruled that the writ of mandamus lies against a judge, clerk, or sheriff who shall refuse or neglect to perform the duties imposed by law; but also held that, "If they act at all however erroneously, they are not . . liable to the process of mandamus." Here the clerk marked the bill of exceptions filed. It is contended that the filing date as endorsed on the same is erroneous. Therefore, applying the rule as laid down in *Duke* v. *Trippe,* supra, the clerk is not liable to the process of mandamus for the alleged erroneous filing date.

■ Moreover, it may be stated that, if the clerk took the bill of exceptions from the attorney for the plaintiffs in error with express authority from him to hold the same until some date suitable to the clerk within the fifteen-day period allowed by law, and within that time filed it, the bill of exceptions was properly filed by the clerk, where done in accordance with such instructions. The applicant here relies on *Brinson* v. *Georgia R. Bank &c. Co.,* 45 *Ga. App.* 459 (165 S. E. 321), and *Hilt* v. *Young,* 116 *Ga.* 708 (43 S. E. 76), in which cases it appears that motions for new trials were presented to the clerk at his office for immediate filing and without further instructions. The effect of these holdings is that when such documents are thus presented to the clerk, nothing else appearing, that is the filing date. In *Cooper* v. *Nisbet,* 119 *Ga.* 752 (47 S. E. 173), it is held in substance that legal filing means, not only that the papers be left in the clerk's office, but that direction be given the clerk in such manner that he may understand what is desired.

*The prayer for mandamus absolute is denied, and the petition*

*is dismissed. Sutton, C.J., Gardner, Townsend, and Worrill, JJ., concur. Felton, J., concurs in the judgment. MacIntyre, P.J., concurs specially.*

MacIntyre, P. J., concurring specially. "The act of a clerk in filing or transmitting a paper does not stand on the same basis as the act of the judge in signing the certificate to the bill of exceptions, which, with the bill of exceptions constitutes the writ of error. Generally, upon proper suggestion, made in due time, that the date of filing entered by the clerk upon the bill of exceptions was erroneous, the clerk will be ordered to certify to this court the correct date of filing. But his certificate can not be traversed, or extrinsic evidence be introduced to combat it. *McDaniel v. Columbus Fertilizer Co.*, 109 *Ga.* 284 (34 S. E. 589.) . . No such application was made in this case, as in the case of *Cooper v. Nisbet*, 118 *Ga.* 872 (45 S. E. 692)." *Cordray v. Savannah Union Station Co.*, 134 *Ga.* 865 (2b) (68 S. E. 697). There the clerk refused to act, that is, he refused to make any entry of the date of filing thereon. See also *Southern Grocery Stores v. Greer*, 68 *Ga. App.* 583, 587 (23 S. E. 2d, 484).

" 'The official entry made by the clerk of a trial court, as to the date on which a bill of exceptions was filed in his office, imports absolute verity, and can not be impeached in the Supreme Court [or Court of Appeals] by the production of aliunde proof that the bill of exceptions was, in point of fact, filed at an earlier date. *Ga. Fla. & Ala. Ry. Co. v. Lasseter*, 122 *Ga.* 679, and cit.' *Swafford v. Swafford*, [125 *Ga.* 386, 53 S. E. 959]; *Norris v. Baker County* [135 *Ga.* 229, 69 S. E. 106]." *Felker v. Still*, 160 *Ga.* 104 (2a) (127 S. E. 609) ; *Crawford v. Cook*, 48 *Ga. App.* 456 (173 S. E. 187) ; *Sweat v. Barnhill*, 171 *Ga.* 294 (155 S. E. 18).

I think that, as no proper suggestion was made that the date of the official entry of filing of the bill of exceptions, to wit, "Filed in office this 10 day of March 1951," was erroneous, and the clerk of the trial court has not been ordered, therefore, to certify to this court the correct date of filing, the entry of filing on the original bill of exceptions in the office of the clerk of this court imports "absolute verity." In these circumstances, this court has no power to correct a mistake, if any, in the record as to the date upon which the bill of exceptions was filed in the

office of the clerk of the trial court; and, the clerk of the trial court having made an official entry of the date of the filing of the bill of exceptions in his office, and transmitted the writ of error to this court in the manner provided by law, and there having been no refusal on the part of such clerk to act, I think that the application for mandamus, which was filed in this court subsequently to the transmission of the writ of error to this court in the case of C. G. Butler et al v. Vallie Jones (No. 33556) should be dismissed and the mandamus absolute denied. See Code, § 6-812.

If the entry of the date of filing of the bill of exceptions be incorrect and should result in damage, the defendant in error will not be remediless. *Livingston* v. *Barnett,* 193 *Ga.* 640, 658 (19 S. E. 2d, 385).