Armstrong *vs.* Hand and Bagley.

JAMES W. ARMSTRONG, plaintiff in error, *vs.* C. W. HAND and D. BAGLEY, defendants in error.

When a cause was tried before a *petit* jury, and a verdict rendered, one of the defendants, on the 13th day of April, 1866, presented his bill of exceptions to the presiding Judge, who signed and certified the same on that day ; on the 17th day of the same month, before the bill of exceptions was filed in the clerk's office, the defendant entered an appeal from the verdict of said *petit* jury according to law, and on the 19th of said month filed his bill of exceptions in said clerk's office, whereby the cause was heard and decided in the Supreme Court upon said bill of exceptions (the counsel of the defendant in error having knowledge that an appeal had been entered from the verdict in the Court below) : *Held,* that this Court had no jurisdiction to hear and decide the cause upon said bill of exceptions, when the cause was pending in the Court below on the appeal, and that the Court below erred in dismissing said appeal, the same having been legally entered.

Motion to dismiss appeal.    Decided by Judge VASON. Sumter Superior Court, April Term, 1867.

Plaintiff in error sued said Hand & Bagley as makers, and one Lewis as endorser, of a promissory note.    At April Term, 1866, there was a verdict against the makers, and judgment thereon, from which, within four days from the adjournment of the Court, to-wit, on the 17th April, 1866, they entered an appeal according to law.

Before this—to-wit, on 13th April, 1866—the said defendants' attorneys had presented to the Judge a bill of exceptions in said case, which he had on that day signed and certified according to law.    The bill of exceptions was not filed in the clerk's office till the 19th day of April, 1866.    No bond or affidavit was filed to operate as a *supersedeas* in the case.

The clerk sent up a transcript of the record (omitting the appeal,) to the June Term, 1866, of the Supreme Court, and the case was then and there heard and the judgment of the Court below affirmed.    The *remittitur* was subsequently entered upon the minutes of the Superior Court, and the judgment of the Supreme Court made the judgment of the Superior Court.

Upon that state of facts, attorneys for plaintiff in the

Armstrong *vs.* Hand and Bagley.

Court below moved to dismiss the appeal, and the Court ordered it dismissed.

This order of the Court is assigned as error.

(In the argument in the Supreme Court, it was stated by attorneys for plaintiff in error that the said writ of error was sued out to settle a question in the Court below, which did not touch the merits of the case except upon one point, and that was whether the condition of a bond warranting persons "to be slaves for life" was broken by the emancipation of the slaves by this State, and that it was known to attorneys for defendant in error, when that case was being argued here, that said appeal had been taken and was pending, and that they made no motion to dismiss the writ of error on that ground : all of which was conceded by attorneys for defendants in error.

HAWKINS & McKAY, for plaintiffs in error.

COBB & JACKSON, for defendant in error.

WARNER, C. J.

The error assigned to the judgment of the Court below is in dismissing the appeal entered in accordance with the statute. It appears from the record that the cause was tried in the Court below before a *petit* jury ; that on the 13th April, 1866, a bill of exceptions to the ruling of the Court upon that trial was tendered to and signed by the presiding Judge, but not filed in the clerk's office at that time ; that on the 17th day of April, 1866, before the bill of exceptions had been filed in the clerk's office, Hand, one of the defendants in the Court below, entered his appeal from the verdict of the *petit* jury, within the time required by law, giving the proper bond and security ; that on the 19th day of April, 1866, the bill of exceptions, certified as aforesaid, was filed in the clerk's office, but no bond was given or affidavit filed to operate as a *supersedeas*, as provided by the 4171 section of the Code. The Clerk of the Superior Court sent up to this Court the transcript of the record, except that portion of

Armstrong *vs.* Hand and Bagley.

it which showed that an appeal had been entered in the Court below.   The cause was heard in this Court upon that record, without objection, though the counsel for defendant in error knew that an appeal had been regularly entered from the verdict, in the Court below.   This Court affirmed the judgment of the Court below upon the trial before the *petit* jury, which, upon the *remittitur* being returned, was made the judgment of that Court.   Was it error in the Court below in dismissing the appeal upon this state of facts?   The decision of this question will depend upon the fact whether this Court had jurisdiction to hear and determine the questions involved in the cause by writ of error, when an appeal was pending in the Court below between the same parties.   The plaintiff in error was entitled to enter his appeal from the verdict of the *petit* jury in the Court below, within four days, as a *matter of right,* which was done, §3529 Code.   When does this Court acquire jurisdiction to hear and determine the alleged errors to the judgments of the Courts below by writ of error?   By the 4159th section of the Code, it is declared that,  " No case shall be carried to the Supreme Court upon any bill of exceptions *so long as the same is pending in the Court below,* unless the decision complained of, if it had been rendered as claimed by the plaintiff in error would have been a final disposition of the cause."   The party may file his exceptions to the decisions of the Court, and the same may be entered of record to abide the final termination of the suit, as provided by this section of the Code.   But so long as the cause is *pending in the Court below,* it cannot be brought to this Court " *upon any bill of exceptions.*"   At the time this cause was brought to this Court upon the bill of exceptions, and heard and decided therein, it was pending on the appeal in the Court below.   In Carter and Wife vs. Buchannan, (2d Kelly, 337,) this identical question was decided.   In that case, it is said " the judgment of this Court would be *brutum fulmen,* or it would operate as an instruction to the Court upon the trial of the appeal."   See Jones *et al.* vs. Crawford, 18th Ga. Rep., 281.

But it is said that in this case the appeal was entered after

the bill of exceptions was signed and certified by the presiding Judge, and therefore this Court had acquired jurisdiction of the cause before the appeal was entered. When does this Court acquire jurisdiction of a cause when there has been a final disposition of it in the Court below? Does it acquire jurisdiction when the Judge certifies the bill of exceptions tendered to him by the party? We think not, for the party may never file it in the clerk's office, may conclude to adopt another remedy, as was done in this case. When there has been a final decision of the cause in the Court below, the bill of exceptions thereto duly signed and certified by the presiding Judge, and *filed* in the clerk's office as required by the 4170th section of the Code, and there has been a compliance with the requirements of the 4171st section of the Code, then this Court acquires jurisdiction of the cause to hear and determine the errors complained of in the Court below.

The appeal was legally entered, the party had the legal right to enter it at the time it was entered, but he did not have the legal right thereafter to bring his case up to this Court by his bill of exceptions, which fact we suppose was well known to the counsel of both parties. If the clerk had sent up the entire record to this Court, including the appeal, as it was his duty to have done, then this Court could have protected itself from the *unauthorized* experiment that was made upon it.

We cannot forbear to express in the strongest terms our unqualified disapprobation of the conduct of the counsel of the parties in this case, in obtaining from this Court its judgment while the cause was pending in the Court below, in this illegitimate and illegal manner, as disclosed by the record. It might not be entirely safe to renew the experiment hereafter, and we sincerely hope that it will not again be attempted.

Let the judgment of the Court below be reversed.