MILLER *et ux. vs.* BLITCH.

1. The original affidavit of illegality in this case to the foreclosure of the mortgage on a mule had nothing of substance in it on the proof. It had a plea of set-off of two dollars, which was allowed; and the affidavit that the defendants did not owe the amount foreclosed for simply meant that they did not owe that much of the fifty dollars foreclosed for.

(*a*) A mortgage is good if executed before the debt, to secure which it is given, is due.

2. Where a mortgage on a mule, signed by a husband and wife, was foreclosed, and an affidavit of illegality filed thereto, an amendment alleging that the wife of the debtor was the surety of her husband was valueless, unless it was also alleged that the mule was hers.

(*a*.) The debt was fixed in amount by the note, and foreclosed for

that sum. It was right that the parties to the note should pay it, and failing to do so, that the mortgaged property pay it under execution. There was no need to go back of the note and set out in the proceedings to foreclose what the account was on which it was founded.

(*b.*) Besides, the writ of error was filed in the clerk's office sixteen days after the judge's certificate, and should have been dismissed, but that the rule of notice has not been complied with.

(*c.*) The jurisdiction of this court is doubtful in such a case, and e judgment ought to be affirmed in any event, which is the effect of a dismissal.

Judgment affirmed.

January 6, 1885.

Jackson, Chief Justice.

[This was a petition for *certiorari*, reciting the following facts: A. B. Miller and Mosell Miller gave to W. H. Blitch a note for $50.00, principal, dated June 12, 1883, and due October 1, thereafter, and on the same day gave a mortgage on certain crops and a black mule to secure the note. On December 4, the mortgage was foreclosed and the *fi. fa.* levied on the mule. Defendants filed an affidavit of illegality on the following grounds:

(1.) Because they did not owe Blitch the amount the execution issued for or the amount for which the same was proceeding.

(2.) Because the mortgage and note were signed and delivered to Blitch before any debt was due by defendants to him; and at the time the mortgage and note were given, they were not indebted to Blitch.

(3.) Because Blitch is indebted to them in the sum of $2.00.

The case was returned for trial before the justice who issued the *fi. fa.* Defendants proposed to amend by adding the following grounds in substance:

(4.) Because Mosell Miller is the wife of A. B. Miller, and signed said note and mortgage as surety for her husband, and is not bound therefor.

(5.) Because the note and mortgage were given to in-

demnify Blitch against loss on account of advances, which were to be made to A. B. Miller, to the amount of $50.00 thereafter, and were made from time to time; the debt was really due on this account and not on the note, and a copy of it should have been attached to the foreclosure; and interest should be calculated only from the dates of such actual advances, and not from the date of the note.

The justice refused to allow the amendment, as adding new grounds of illegality, without showing want of knowledge thereof when the original affidavit was filed. Judgment was rendered against defendants for $48.00, principal, with interest from the date of the note, and ten per cent attorney's fees. Error was alleged in these rulings.

The judge of the superior court refused the petition for *certiorari*, and petitioners excepted.]