CAMP *v.* TOMPKINS.

The general local option fence law, as contained in the code of 1882, besides having uniform operation throughout the State, provides expressly for the case covered by the special act of December 24th, 1886, which prohibits the running at large of domestic animals in that portion of Dougherty county lying west of Flint river, and declares the owners liable for all damages done on the premises of other persons. The special act is therefore unconstitutional and void.

October 3, 1890.

Fences. Constitutional law. Statutes. Before Judge BOWER. Dougherty superior court. October term,1889.

Mrs. Tompkins sued Mrs. Camp for the expense of feeding and impounding cattle and for damages done by them to growing crops. The defendant moved to dismiss the action, because the local statute under which it was brought was unconstitutional, there being in existence at the time of its passage a general law for the same purpose. The motion was overruled; judgment for the plaintiff was rendered; and the defendant excepted.

H. MORGAN, for plaintiff in error.

J. W. WALTERS, contra.

BLECKLEY, Chief Justice.

This case is controlled by *Mathis* v. *Jones*, just decided. The special statute now involved was passed in 1886 (pamph. acts, p. 301), and prohibits the running at large of domestic animals in that portion of Dougherty county lying west of Flint river. It declares the owners liable for all damages done on the premises of other persons, etc., etc. A general law, the general local option fence law, was in existence when this statute was passed, and its provisions embrace the identical case for which the special law was enacted. Code, §§1455(h), 1448. We take judicial notice that Flint river divides Dougherty county, and is a navigable water-course. Moreover, the special statute ignores local option and thereby seeks to limit the general local option fence law to less than the whole territory of the State, by special legislation applicable to a portion of one county. This cannot be done, and we have so ruled in *Mathis* v. *Jones, supra*.

*Judgment reversed.*