## CALDWELL *v.* THE STATE.

1. A special act passed in 1889, undertaking to make it a misdemeanor to sell intoxicating, spirituous or malt liquors in a given county, or in any designated portion thereof, is violative of the constitutional provision embraced in section 5732 of the Civil Code, which forbids the enactment of a special law in any case for which provision has been made by an existing general law. The subject-matter dealt with by such an act is covered by section 791 of the Political Code and the general local option liquor law.
2. It follows from the above, that the special act of October 3, 1889, "to regulate the sale of intoxicating, spirituous and malt liquors in the county of Wilkes . . and to prescribe the punishment for violations" of the same, is, to the extent above indicated, unconstitutional; and a conviction thereunder for a sale of spirituous liquors in that county can not be upheld.
3. The question whether or not the provisions of that act regulating sales of liquors in the town of Washington are constitutional, is not now presented for decision.

Submitted May 17, — Decided June 11, 1897.

Certiorari. Before Judge Reese. Wilkes superior court. March 31, 1897.

*William Wynne*, for plaintiff in error.

*Robert H. Lewis, solicitor-general*, contra.

COBB, J. The special presentment charged the accused with unlawfully selling "within the limits of Wilkes county, and not within the incorporate limits of the town of Washington, Georgia, said county of Wilkes, one pint of intoxicating liquor." This presentment was under an act approved October 3, 1889, entitled "An act to regulate the sale of intoxicating, spirituous and malt liquors in the county of Wilkes, State of Georgia, and to prescribe the punishment for violations of the provisions of this act." Acts 1889, p. 1350. The first section of the act provided that "it shall not be law-

ful to sell within the limits of Wilkes county any intoxicating, spirituous or malt liquors, in any quantity whatever, except as hereinafter provided; and any person violating the provisions of this act shall be guilty of a misdemeanor." The other sections of the act provide a system of selling by the quart within the corporate limits of the town of ·Washington, for the sale at any place in the county of domestic wines and cider, for the sale of wines for sacramental purposes, and of pure alcohol for medicinal, art, scientific, or mechanical purposes. A demurrer was filed to the presentment, on the ground that it failed to allege that the sale charged was made without license, and on the further ground that the special act for Wilkes county above referred to was unconstitutional.

1, 2. An examination of the presentment shows that the pleader undoubtedly framed it under the àct of 1889; and as this act does not require that the person accused should be charged with selling without a license, the presentment, while it would be bad under the general law, which provided the penalty for selling liquor without a license, would be good under the special act under which it was drawn, provided the special act is a valid law. Construing the first section of the act in the light of the subsequent sections, it provides for complete and total prohibition in all the territory of Wilkes county, except that embraced within the corporate limits of the town of Washington. Had the legislature the power to pass such a law in 1889? We think not. The constitution provides that "Laws of a general nature shall have uniform operation throughout the State, and no special law shall be enacted in any case for which provision has been made by an existing general law." Civil Code, § 5732. If the special act of 1889 for Wilkes county be construed as an act regulating the sale of liquors, it is a special law on a subject which has been provided for by the general law contained in section 791 of the Political Code, which prescribes the manner in which persons engaged in the sale of liquor shall register. *Smith* v. *The State*, 90 *Ga.* 133. If the act in question be construed as a prohibition law, and not one affecting regulation, then it is a

special law in a case covered by the general law, known as the general local option law (Political Code, § 1541 et seq.), which provides the method in which prohibition shall be carried into effect in the various counties in this State. It follows, therefore, that as the presentment could only be upheld as one under the act in question, and that as that act is unconstitutional for the reasons given, the conviction was illegal, and the judge erred in not sustaining the certiorari.

3. Whether or not the other sections of the act relating to sale of liquors within the limits of the town of Washington can be upheld and sustained as in the nature of amendments to the charter of the town of Washington, is a question not made by this record.

　　　　　　*Judgment reversed. All the Justices concurring.*