### DOWNS *v.* THE STATE.

1. There being a general law on the subject of shooting quail or partridges between certain dates in this State, the act of 1923 (Acts 1923, p. 133), preventing shooting of quail or partridges in Douglas County, Georgia, for a period of five years after the passage of the act on August 23, 1923, and to provide a penalty for a violation of the same, is void as being in violation of art. 1, sec. 4, par. 1, of the constitution of Georgia (Civil Code of 1910, § 6391), which provides that "laws of a general nature shall have uniform operation throughout the State, and no special law shall be enacted in any case for which provision has been made by an existing general law."
2. The court erred in overruling the demurrer to the special presentment.

No. 4300. SEPTEMBER 2, 1924.

Indictment for shooting quail. Before Judge Wright. Douglas superior court. March 25, 1924.

*J. R. Hutcheson,* for plaintiff in error.

*E. S. Griffith, solicitor-general,* contra.

HILL, J. H. L. Downs was charged by the grand jury of Douglas County with the offense of misdemeanor, the special pre-

sentment alleging that on the 28th day of November, 1923, he did unlawfully and with force and arms "shoot quail, usually called partridges; said accused did then and there shoot partridges in said county contrary to the act of the General Assembly of the State of Georgia, approved August 23, 1923." The defendant, before arraignment and before pleading to the merits of the indictment, filed his demurrer to the same, on the ground that the local law of Douglas County, approved August 23, 1923 (Acts 1923, p. 133), is void and unconstitutional in that the act is a local and special law for which provision has been made by an existing general law on the same subject, "for that the hunting or game laws of Georgia as embodied in acts of the General Assembly, Georgia, 1911, pages 137, 146, fixing the hunting season for shooting partridges in Georgia, provides issuance of license therefor, and authorizes that certain classes of citizens may hunt during the open season without a license;" that the act of 1923 undertakes to make provision for a case which the general law of 1911, as amended by the act of the legislature of 1912, approved August 19, 1912, which provides that any resident of the State may procure a license to hunt in the county of his residence upon the payment of a sum of one dollar, and that a license to such resident may be issued authorizing him to hunt throughout the State upon the payment of $3.00, etc., has already provided for. One ground of the demurrer is that the act of the legislature approved August 23, 1923, under which the indictment in the present case was procured, conflicts with and is repugnant to art. 1, sec. 4, par. 1, of the constitution of Georgia (Civil Code of 1910, § 6391), which provides that "no special law shall be enacted in any case for which provision has been made by an existing general law." The court overruled the demurrer, and the defendant excepted.

The legislature of Georgia in 1923 (Acts 1923, pp. 133-134), passed an act providing that after the passage of the act (August 23, 1923) "it shall be unlawful for any person to shoot quail or partridges for a period of five years next after the passage of this act in the County of Douglas, Georgia. Any person convicted of shooting quail or partridges in Douglas County, Georgia, for the next five years dating from the approval of this bill, on conviction,

shall be fined as for a misdemeanor." The defendant was indicted within the five-year period named in the act.

We are of the opinion that the court below erred in overruling the demurrer to the indictment, and that the act under review is unconstitutional and void for the reason that it is a local and special law for which provision has been made by an existing general law. Art. 1, sec. 4, par. 1 (Civil Code of 1910, § 6391). This court will take judicial cognizance of the fact that the date on which the defendant is alleged in the indictment to have committed a misdemeanor is a date which, under the general law of the State, is the "open season" for shooting quail and partridges in this State. The act of 1911 (Acts 1911, p. 137), as amended, provides that "any resident of the State may procure a license to hunt in his resident county upon the payment of a sum of $1.00. License to such resident shall be issued authorizing him to hunt throughout the State upon the payment of $3.00. License shall be issued to non-residents of the State upon the payment of the sum of $15.00, which shall authorize such non-resident to hunt throughout the State. . . A person may hunt and fish in the open season in his own militia district, or on his own land, without a license. Tenants and their families, by and with permission of the owner of the land, shall be permitted to hunt and fish on the lands leased and rented by them, without a license." The act of 1911, supra, as amended by the act of 1912 (Acts 1912, pp. 113, 117, sec. 5), and by the act of 1916 (Acts 1916, pp. 114, 119, sec. 4), fixes the "open season" for shooting quail and partridges as between the dates of November 20 and March 1 of each year, and the act of 1923, supra, which is a local act, prohibits the shooting of quail and partridges for a period of five years in Douglas County, as provided in the act, and is therefore a local or special law for which provision has been made by an existing general law, and is in conflict with art. 1, sec. 4, par. 1, of the constitution of Georgia (Civil Code of 1910, § 6391). See *Mathis* v. *Jones,* 84 *Ga.* 804 (11 S. E. 1018) ; *Camp* v. *Tompkins,* 84 *Ga.* 812 (11 S. E. 1021) ; *Crabb* v. *State,* 88 *Ga.* 584 (15 S. E. 455) ; *Caldwell* v. *State,* 101 *Ga.* 557 (29 S. E. 263) ; *Papworth* v. *State,* 103 *Ga.* 36 (31 S. E. 402) ; *Bagley* v. *State,* 103 *Ga.* 388 (29 S. E. 123, 32 S. E. 414) ; *Reynolds* v. *Hall,* 154 *Ga.* 623 (114 S. E. 891) ; *Hammond* v. *State,* 10 *Ga. App.* 143 (72 S. E. 937).

*Judgment reversed.    All the Justices concur.*