KING *v.* THE STATE.

No. 6953.  September 10, 1929.

*Joel B. Mallet, H. M. Fletcher,* and *W. E. Watkins,* for plaintiff in error.

*Frank B. Willingham, solicitor-general, George M. Napier, attorney-general,* and *T. R. Gress, assistant attorney-general,* contra.

ATKINSON, J. ■ In this case the jury returned a verdict, August 23, 1928, finding the defendant guilty, and he was sentenced to be electrocuted. His motion for a new trial was overruled, September 18, 1928. A bill of exceptions presented to the trial judge was duly certified by him on the latter date. On the same date the solicitor-general, as attorney for the defendant in error, signed an entry on the bill of exceptions, stating: "Due and legal service of the within bill of exceptions acknowledged; copy and all other and further notice and service waived." The entry upon the bill of exceptions made by the clerk of the trial court as to filing of the bill of exceptions was: "Filed in office, December 6th, 1928." The case came on for a hearing in the Supreme Court. The brief of the defendant in error filed in the Supreme Court stated all that is set forth above, but the attorney did not in his brief or otherwise move to dismiss the bill of exceptions. In these circumstances this court decided the case upon its merits, without ruling on any question relating to dismissal of the bill of exceptions. The judgment was affirmed by operation of law, because the Justices were evenly divided in opinion as to whether the judgment of the trial court refusing a new trial should be affirmed or reversed. The plaintiff in error made a motion for a rehearing. Upon consideration of that motion a rule was granted, calling upon the defendant in error to show cause why the decision

rendered by this court should not be withdrawn and a different decision rendered. In response to the rule the respondent insisted that a rehearing should not be granted, because the trial judge properly refused the motion for a new trial, and furthermore because the Supreme Court was wholly without jurisdiction to hear and determine the case, because the bill of exceptions was signed and certified by the trial judge on the 18th day of September, 1928, and was not filed in the office of the clerk of the court until the 6th day of December, 1928, which was more than 15 days from the date of the signing of the bill of exceptions by the trial judge, "all of which affirmatively appears from the record transmitted to this honorable court."

In a brief filed by the attorney for the respondent in connection with his answer to the above-mentioned rule, it is stated: "Since this brief is filed on a motion for rehearing, in which it is contended that this honorable court overlooked a point in the contentions of plaintiff in error, we most respectfully call attention of this honorable court to the fact that the brief filed by counsel for defendant in error specifically called attention to the interval of seventy-nine days which intervened between the filing and signing of the bill of exceptions. No motion to dismiss was made, but the question being jurisdictional, and this court having held that if it ' has no jurisdiction, it will dismiss the writ, whenever and however this may appear ' (Rule 31 of Supreme Court), it is most respectfully insisted that the writ should have been dismissed on the original hearing. The point is expressly made at this time, and motion is made for a dismissal." Upon consideration of the motion for a rehearing all of the Justices, except Beck, P. J., and Hines, J., are of the opinion that in view of the evidence the trial judge erred as complained of in 6th, 9th, 10th, 11th, 16th, 17th, and 18th grounds of the motion for a new trial, in so instructing the jury as to eliminate from their consideration all questions relating to malice, mitigation, or justification, and in stating to them as a matter of law that if the defendant killed the deceased he should be convicted of murder; and consequently that the judgment of the trial court should be reversed. In these circumstances, and in view of the above-stated contentions made by the defendant in error in response to the rule to show cause why a rehearing should not be granted and a different judgment rendered,

it becomes necessary to rule on whether the writ of error should now be dismissed. Rule 31 above mentioned originated in this court, and is as follows: "No motion to dismiss a writ of error will be considered unless notice of such motion and of the grounds thereof, in writing, be given to counsel for plaintiff in error twenty-four hours before the case is called for argument. If because of the absence of counsel for plaintiff in error such notice can not be given, the motion will be entertained and such direction in reference thereto given as, in the discretion of the court, may seem proper. If the court has no jurisdiction, it will dismiss the writ, whenever and however this may appear." Civil Code (1910), § 6250. Treating the statement in the brief of the attorney for the defendant in error on the motion for rehearing, "the point is expressly made at this time, and motion is made for a dismissal," as a motion to dismiss the bill of exceptions, it comes too late to comply with the requirements of Rule 31, and will not be considered.

■ The question of practice is reduced to whether the Supreme Court is without jurisdiction to decide the case, solely because, as appears from the record, the bill of exceptions was not filed in the office of the clerk of the trial court within 15 days from the date of the certificate of the trial judge to the bill of exceptions. In article 36 of the first constitution of this State, adopted in 1777, it was declared: "There shall be established in each county a court, to be called a superior court, to be held twice in each year." Watkins' Digest, 1755-1800, pp. 7-13. In article 3 of the second constitution, which was adopted in 1789, it was provided: "Sect. 1. A superior court shall be held in each county twice in every year, in which shall be tried and brought to final decision all causes civil and criminal; except such as may be subject to a Federal court, and such as may by law be referred to inferior jurisdictions. Sect. 2. The General Assembly shall point out the mode of correcting errors and appeals, which shall extend as far as to empower the judges to direct a new trial by jury within the county where the action originated, which shall be final." Watkins' Digest, 25-28. In section 1 of article 3 of the third constitution, which was adopted in 1798, it was provided: "The judicial powers of this State shall be vested in a superior court, and in such inferior jurisdictions as the legislature shall, from

time to time, ordain and establish. . . The superior court shall have exclusive and final jurisdiction in all criminal cases, . . and shall have power to correct errors in inferior judicatories by writs of certiorari, as well as errors in the superior courts, and to order new trials on proper and legal grounds. . . And the said court shall also have appellate jurisdiction in such other cases as the legislature may by law direct, . . and the judges thereof, in all cases of application for new trials, or correction of errors, shall enter their opinions on the minutes of the court." Watkins' Digest, pp. 31-39.

The foregoing portion of article 3 of the constitution of 1798 was amended first by the act of 1811, second by the act of 1818, third by the act of 1835, fourth by the act of 1843, and fifth by the act of 1855. McElreath on the Constitution of Georgia, 267-280, §§ 418, 421, 427, 431, 437. Of these several amendments only the 3d, adopted in 1835 (McElreath, 274, § 427) is pertinent to the question now under consideration. So far as material to be stated, that amendment provided: "The judicial powers of this State shall be vested in a Supreme Court for the correction of errors. . . The said court shall have no original jurisdiction, but shall be a court alone for the trial and correction of errors in law and equity from the superior courts of the several circuits." This was the first provision of any of the several constitutions that made reference to a Supreme Court. It did not provide procedure for exercise of the jurisdiction conferred upon the court. The act approved December 10, 1845, purported to carry into effect the provisions of this amendment to the constitution of 1798, and to establish procedure for carrying cases to the Supreme Court. Ga. Laws 1845, p. 18; Cobb's Statutes & Forms, p. 13. In section 1 of said act it was declared, in part: "That, in pursuance of the first section of the third article of the constitution, there shall be, and it is hereby established, a court for the correction of errors, to be called the Supreme Court of the State of Georgia." In section 4 it was provided: "That the Supreme Court shall hear and determine . . all such cases, in law and equity, as may be brought from any of the superior courts of this State. . . All causes of a criminal or civil nature may, for alleged error in any decision, sentence, judgment, or decree of any such superior court, be carried up . . to the Judges of the Supreme Court, . . to

be by the said Supreme Court revised and determined. *Any criminal cause may be carried up to the Supreme Court on a bill of exceptions,* in writing, specifying the error or errors of law complained of. . . Any cause of a civil nature, either on the law or equity side of the superior court, may in like manner be carried to the Supreme Court, on a bill of exceptions specifying the error or errors complained of in any decision or judgment. . . Upon exhibition of any such bill of exceptions to the judges of the superior court, it shall be his duty, if such bill of exceptions be true and consistent with what has transpired in the cause before him, to certify and sign the same. . . When such bill of exceptions shall have been signed and certified by the judge of the superior court, . . notice of the signing of such bill of exceptions shall be given, if in a criminal cause, to the attorney or solicitor-general, and, in civil causes in law or equity, to the adverse party or his counsel, within ten days after the same shall have been done, and *shall be filed in the clerk's office where such bond or recognizance has been given,* immediately thereafter; and on a copy of such notice being served by a sheriff, constable, or attorney of the superior court, and filed in the clerk's office with the bill of exceptions, it shall be the duty of the clerk of the superior court below to certify and send up to the Supreme Court a complete transcript of the entire record of the cause below, duly certified under his hand and seal of office, and also the bill of exceptions, within ten days after he shall have received the original notice, with the return of service thereon." Subsequently to the above act of 1845 other acts relating to procedure in the Supreme Court were adopted. Ga. Laws 1851-2, p. 214; 1855-6, p. 199.

The provisions of the above-mentioned amendment of 1835 to article 3 of the constitution of 1798 were in substance embodied in the constitutions of 1861, 1865, and 1868. McElreath, §§ 521-523, 618, 740. In article 6 of the constitution of 1877, adopted just one hundred years after the first constitution, it is declared by section 1: "The judicial powers of this State shall be vested in a Supreme Court, Superior Courts, Courts of Ordinary, Justices of the Peace, commissioned Notaries Public, and such other courts as have been or may be established by law." In paragraph 5 of section 2 of said article 6 it is declared: "The Supreme Court shall have no original jurisdiction, but shall be a court alone for the

trial and correction of errors from the Superior Courts . . "
McElreath, §§ 950, 955. By an amendment proposed in an act
approved on July 31, 1906 (Acts 1906, p. 24), and ratified at an
election held on November 6, 1906, the Court of Appeals was es-
tablished, and the above section 1 of article 6 was so amended as
to declare the classes of cases over which the Supreme Court
should have jurisdiction. The act approved August 19, 1916 (Ga.
Laws 1916, p. 19), which was duly ratified at the next ensuing
general election and became an amendment to the constitution,
declared: "The Supreme Court shall have no original jurisdic-
tion, but shall be a court alone for the trial and correction of
errors of law from the Superior Courts and the City Courts of
Atlanta and Savannah, and such other like courts as have been or
may hereafter be established in other cities; in all cases that in-
volve the construction of the constitution of the State of Georgia
or of the United States, or of treaties between the United States
and foreign governments; in all cases in which the constitutionality
of any law of the State of Georgia or of the United States is
drawn in question; and, until otherwise provided by law, in all
cases respecting titles to land; in all equity cases; in all cases
which involve the validity of or the construction of wills; *in all
cases of conviction of a capital felony;* in all habeas-corpus cases;
in all cases involving extraordinary remedies; in all divorce and
alimony cases; and in all cases certified to it by the Court of Ap-
peals for its determination. It shall also be competent for the
Supreme Court to require, by certiorari or otherwise, any case to
be certified to the Supreme Court from the Court of Appeals for
review and determination, with the same power and authority as
if the case had been carried by writ of error to the Supreme Court.
Any case carried to the Supreme Court or to the Court of Ap-
peals, which belongs to the class of which the other court has juris-
diction, shall, until otherwise provided by law, be transferred to the
other court under such rules as the Supreme Court may prescribe,
and the cases so transferred shall be heard and determined by the
court which has jurisdiction thereof." This last amendment ex-
presses the provisions of the constitution as now existing in rela-
tion to the jurisdiction of the Supreme Court.

Prior to 1870 there was just one general plan for carrying all
classes of cases to the Supreme Court. This included civil, equity,

and criminal cases alike. The plan commenced in 1845 under the act adopted for organization of the Supreme Court (Acts 1845, p. 18), and with several amendments was carried into the Code of 1863 and each of the succeeding codes. The section 4170 of the Code of 1863, being a part of the general plan above mentioned, provided: "Within fifteen days from the date of the certificate of the judge, the bill of exceptions shall be filed in the office of the clerk of the court where the case was tried; and in ten days from the date of such filing, it shall be the duty of the clerk to make out a copy of such bill, together with a complete transcript of the record in such cause. Such transcript, together with the original bill of exceptions, the clerk shall transmit, together with a certificate that the same is the true, original bill of exceptions, and a true and complete transcript of the record in such case, to the next term of the Supreme Court, as required in the judge's certificate, directing the same to the clerk of the said court. The copy bill of exceptions shall be retained in the office of the clerk of the Superior Court." This was § 5554 in the Code of 1895 and § 6167 of the Civil Code of 1910. In 1870, while the above general plan was in vogue, a different rule was adopted, applicable to the grant or refusal of injunctions. (Acts 1870, p. 405.) Section 3 of that act provided that a bill of exceptions in such cases shall be tendered, signed, and served within specified times, but no mention was made of *filing* the bill of exceptions in the office of the clerk of the trial court. That part of the act of 1870 (section 3) was amended by the act approved December 15, 1871 (Acts 1871-72, p. 52), in such manner as to change the lengths of time in which the bill of exceptions in injunction cases shall be tendered, signed, and served, but again there was no mention made of *filing* the bill of exceptions in the office of the clerk of the trial court. The law as thus amended was embodied in section 3213 of the Code of 1873 and section 3213 of the Code of 1882. The law thus stated as embodied in section 3213 of the Code of 1882 was never amended in such manner as to expressly declare that the bill of exceptions in injunction cases shall be *filed* in the office of the clerk of the trial court.

An act approved September 7, 1891 (Acts 1890-91, p. 108), entitled an act "to provide for the more speedy determination of criminal cases," declared "that all bills of exceptions in criminal

cases tried in the courts of this State . . shall, as regards the practice both in the lower court and in the Supreme Court, relating to the time and manner of signing, filing, serving, transmitting, and hearing the same, be governed, in all respects where applicable, by the laws and rules now of force in reference to bills of exceptions in cases of injunction. . . " In making the Code of 1895 this part of the act of 1891 was embodied in section 5540 in combination with section 3213 of the Code of 1882, and as thus combined was afterwards carried into and now constitutes section 6153 of the Code of 1910. The said portion of the act of 1891, was also embodied in section 1075 of the Penal Code of 1895, and now appears in section 1102 of the Penal Code of 1910. It thus appears that inasmuch as the above-mentioned statutes relating to practice in *injunction* cases did not provide for *filing* bills of exceptions in the office of the clerk of the trial court, the reference to such statutes did not alone cause the said statutes relating to practice in criminal cases to provide for *filing* the bill of exceptions in criminal cases in the office of the clerk of the trial court. This was recognized, and in effect stated, in *Cook* v. *State,* 120 *Ga.* 137 (47 S. E. 562), where it was said: "The Penal Code, § 1075 [Penal Code 1910, § 1102], providing for fast bills of exceptions in criminal cases, while making no reference to the filing, does not alter or amend the general law (Civil Code [1895], § 5554) as to the filing and time of filing of the bill of exceptions." The meaning of this decision is that although a bill of exceptions in a criminal case is a fast writ under the act of 1891, which does not provide for filing the bill of exceptions in the office of the clerk of the trial court, nevertheless it must be so filed, in accordance with the general law theretofore existing as embodied in the said § 5554 of the Civil Code of 1895 [1910 § 6167]. As indicated above, the time required by that law for filing the bill of exceptions in the office of the clerk of the trial court is fifteen days from the date of the certificate of the judge. What is the effect of failure to file the bill of exceptions within the prescribed time on jurisdiction of the Supreme Court? In *Armstrong* v. *Hand,* 36 *Ga.* 267, 270, decided in 1867, while the Code of 1863 was in vogue, it became material to decide when the jurisdiction of the Supreme Court begins. It was said: "When does this court acquire jurisdiction of a cause when there has been a

final disposition of it in the court below? Does it acquire jurisdiction when the judge certifies the bill of exceptions tendered to him by the party? We think not, for the party may never file it in the clerk's office. . . When there has been a final decision of the cause in the court below, the bill of exceptions thereto duly signed and certified by the presiding judge, and filed in the clerk's office as required by the 4170th section of the Code [1910, § 6167], and there has been a compliance with the requirements of the 4171st section of the Code [of 1863, relating to supersedeas—slightly changed in § 6165 of the Code of 1910], then this court acquires jurisdiction of the cause to hear and determine the errors complained of in the court below."

In *Georgia, Florida & Alabama Ry. Co.* v. *Lasseter,* 122 *Ga.* 679, 683, 684 (51 S. E. 15), it was said: "The Supreme Court is a constitutional court of limited jurisdiction. It has no original jurisdiction, but is a court alone for the trial and correction of errors from the superior courts and certain city courts. Civil Code [1895], § 5836. . . While the Supreme Court is a constitutional court and its jurisdiction is defined by the constitution, yet the legislature may prescribe the manner of bringing cases to this court, and the practice so prescribed is exclusive; and unless it is complied with, the writ of error must be dismissed. *Hardee* v. *Lovett,* 85 *Ga.* 620 [11 S. E. 1021]. The prescribed mode of bringing a case to this court is by a bill of exceptions, and the certificate of the judge thereto is the writ of error. [Civil Code (1910), §§ 6145, 6146]. When the bill of exceptions is certified by the trial judge, the case is no longer pending in his court, and he is wholly without authority to pass any order or to do any act with reference to the same. *State* v. *Powers,* 14 *Ga.* 388. While the signing of the bill of exceptions deprives the trial court of jurisdiction of the case, the jurisdiction of the Supreme Court only becomes complete upon the filing of the bill of exceptions in the office of the clerk of the trial court. *Armstrong* v. *Hand,* 36 *Ga.* 270." The bills of exceptions were dismissed *on motion,* because not *filed* within the prescribed time, in the following cases: *Smith* v. *Walker,* 54 *Ga.* 695; *Dover* v. *Harrell,* 60 *Ga.* 111; *Vickers* v. *Sanders,* 106 *Ga.* 265 (32 S. E. 102); *Edmondson* v. *South Georgia Ry. Co.,* 115 *Ga.* 790 (42 S. E. 68); *Seaboard Air-Line Railway* v. *Wheat,* 117 *Ga.* 751 (45 S. E. 77); *Cook* v. *State,* 120 *Ga.* 137 (supra);

*Swafford* v. *Swafford,* 125 *Ga.* 386 (53 S. E. 959) ; *Curry* v. *Curry,* 129 *Ga.* 268 (58 S. E. 697) ; *Cordray* v. *Savannah Union Station Co.,* 134 *Ga.* 865 (68 S. E. 697) ; *Fuller* v. *Phœnix Construction Co.,* 145 *Ga.* 656 (89 S. E. 718) ; *Williams* v. *Phillips,* 149 *Ga.* 64 (99 S. E. 40) ; *Felker* v. *Still,* 160 *Ga.* 104 (127 S. E. 609) ; *Jenkins* v. *Crockett,* 164 *Ga.* 391 (138 S. E. 787). The bills of exceptions were dismissed for the same reason, *without any motion to dismiss,* in the following cases : *Greer* v. *Prator,* 59 *Ga.* 881; *Jones* v. *State,* 127 *Ga.* 281 (56 S. E. 453) ; *Goodin* v. *Mills,* 137 *Ga.* 282 (73 S. E. 399). In *Norris* v. *Baker County,* 135 *Ga.* 229 (69 S. E. 106), the bill of exceptions was dismissed for the same reason *without any motion* having been made to dismiss, and notwithstanding the defendant in error *expressly waived* the filing and time of filing the bill of exceptions in the office of the clerk of the trial court, and requested the Supreme Court to decide the case on its merits.

The fact that the case might be a criminal case or even a capital felony does not affect the question of practice as to time of filing the bill of exceptions. The cases of *Cook* v. *State,* 120 *Ga.* 137, and *Jones* v. *State,* 127 *Ga.* 281, supra, involved criminal cases. The statutes also provide for *tender of the bill of exceptions to the trial judge* within specified times; and in several cases where the bill of exceptions was not *tendered* within the prescribed time, it was held that the Supreme Court was without jurisdiction. *Evans* v. *State,* 112 *Ga.* 763 (38 S. E. 78), *Harris* v. *State,* 117 *Ga.* 13 (43 S. E. 419) ; *Crawford* v. *Goodwin,* 128 *Ga.* 134 (57 S. E. 240) ; *Sistrunk* v. *Mangum,* 138 *Ga.* 222 (75 S. E. 7) ; *Glawson* v. *State,* 140 *Ga.* 14 (78 S. E. 188) ; *Hurst* v. *State,* 145 *Ga.* 164 (88 S. E. 930) ; *Jones* v. *State,* 146 *Ga.* 8 (90 S. E. 280). The statutes also provide for service of the bill of exceptions within a specified time after the signing of the certificate by the judge. In 1873 the bill of exceptions in *Meador* v. *Dent,* 48 *Ga.* 126, reached the Supreme Court without having been served upon the defendant in error. This court held that it had no jurisdiction, and refused to hear the case, notwithstanding written waiver of service by each of the defendants in error and their consent to try the case. After this decision the act of 1877 (Acts. 1877, p. 95) was adopted, which in part is embodied in the Civil Code (1910), § 6160, par. 3, as follows : "No case shall be dismissed by the Su-

preme Court for want of service, when the party benefited by a failure to serve shall—if the bill of exceptions and a copy of the record in any case shall be in the hands of the clerk of the Supreme Court—waive service and agree that said case may be heard." In the cases of *Seliger* v. *Coker,* 105 *Ga.* 512 (31 S. E. 185), and *Izler* v. *Central of Georgia Railway Co.,* 162 *Ga.* 558 (134 S. E. 315), decided after the above act, there was no valid service or offer to waive service, and the bills of exceptions were dismissed on the ground that the Supreme Court did not have jurisdiction. In *Johnston* v. *State,* 118 *Ga.* 310 (45 S. E. 381), there was in fact no service, but in the Supreme Court (as appears upon the record of file) there was an acknowledgment of service, and the case was considered and the judgment was reversed. The above statute relates to *service* of a bill of exceptions, but there is no such provision in reference to *filing* the bill of exceptions in the office of the clerk of the trial court. In the Civil Code of 1910, §§ 6177-6187, conditions are stated under which it is declared that "no bill of exceptions shall be dismissed," but they do not include failure to file the bill of exceptions in the office of the clerk of the trial court in fifteen days from the date of the certificate of the trial judge. In *Lott* v. *Waycross,* 152 *Ga.* 237, 242, 243 (110 S. E. 217), it was said: "Indeed the Civil Code (1910), § 6250, Rule 31, declares: 'If the court has no jurisdiction, it will dismiss the writ whenever and however this may appear.' The court will do so of its own motion. *Cutts* v. *Scandrett,* 108 *Ga.* at p. 634 (34 S. E. 186). 'It is not only the right, but the duty, of a reviewing or appellate court to raise the question of its jurisdiction in all cases in which there may be any doubt as to the existence of such jurisdiction. *Welborne* v. *State,* 114 *Ga.* 796 (40 S. E. 857). The cases, civil and criminal, wherein bills of exceptions were dismissed by the court on its own motion for lack of jurisdiction, because the same were not certified within the time required by law, where the exception was not to a final judgment, and the like, are too numerous to require citation. 'A court will recognize want of jurisdiction over the subject-matter, even if no objection is made; and therefore whenever a want of jurisdiction is suggested, by the court's examination of the case or otherwise, it is the duty of the court to consider it, for if the court is without jurisdiction it is powerless to act in the case.' 7

R. C. L. 1043, § 75. See *Jones* v. *State,* 146 *Ga.* 8 (3) (90 S. E. 280)."

The constitution defines the class of cases in which the Supreme Court may exercise jurisdiction, and limits that jurisdiction to correction of errors of law, but does not provide procedure for carrying cases from the trial courts to the Supreme Court. That is provided for by statute. The doctrine of the foregoing decisions, in applying the constitution and statutes, is that the procedure is jurisdictional, and certainly that a bill of exceptions such as the statute requires shall be tendered to the trial judge within the time specified, and shall be certified by the judge, and shall be served upon the defendant in error within a specified time after being certified by the judge, and shall be filed in the office of the clerk of the trial court within the specified time (all as provided by statute), shall be necessary to give the court jurisdiction of a particular case of a class in which the constitution authorizes the court to entertain jurisdiction. In the light of the constitution and statutes and application thereof by this court as indicated above, it is impossible to entertain jurisdiction of the case under consideration. The citations in this decision have perhaps been unnecessarily copious; but if so, it is due to the serious consequences of the case, and the importance of the question, which demand that no material matter be overlooked. In the case of *Davis* v. *Bagley,* 45 *Ga.* 108 (decided by two Judges), this court denied a motion to dismiss the writ of error, which was made when the opening argument for the plaintiff in error was concluded, based on the ground that the bill of exceptions did not appear to have been filed in the office of the clerk of the superior court. It was held that "the motion came too late." The court, having entertained jurisdiction, reversed the judgment of the trial court. In *Miller* v. *Blitch,* 74 *Ga.* 360, decided by the entire bench of three Justices, the court entertained jurisdiction of the writ of error, although the bill of exceptions was not filed in the office of the clerk of the superior court within the time prescribed by the statute, and decided the case upon its merits, affirming the judgment of the trial court. After stating the views of the court on the merits of the case, it was said: "Besides, the writ of error was filed in the clerk's office sixteen days after the judge's certificate, and should have been dismissed but that the rule of no-

tice has not been complied with." "The jurisdiction of this court is doubtful in such a case, and the judgment ought to be affirmed in any event, which is the effect of a dismissal." The first of these cases being decided by less than the entire bench of three Judges as then constituted, the decision is not binding as a precedent, and this court is not required to follow it. The decision in the second case, though rendered by all the Justices, is a physical precedent, but is not to be construed as ruling that the court had jurisdiction of the case. The judgment of affirmance heretofore rendered is withdrawn, and writ of error is dismissed.

*Writ of error dismissed. All the Justices concur, except Russell, C. J., dissenting.*