BRAY *et al.* v. LANGLEY.

HINES, J. The bill of exceptions in this case was certified on October 17, 1929, and was filed in the clerk's office on November 4, 1929. The only evidence of the service of the bill of exceptions upon the defendant in error is the mere unsworn statement on the bill of exceptions, signed by counsel for the plaintiffs in error, that he had served a copy of the bill of exceptions upon counsel for the defendant in error. There is no waiver of such service. The defendant in error moves to dismiss the writ of error, because of lack of sufficient service, and because this court is without jurisdiction to decide the case. *Held:*

1. A mere statement entered on a bill of exceptions and signed by counsel for plaintiff in error, to the effect that he has served a copy of the bill of exceptions on counsel for defendant in error, without an affidavit as to such service, is not sufficient, and the case will be dis-

missed on motion. *Advance Lumber Co.* v. *Moreland*, 132 *Ga.* 852 (65 S. E. 86); *Anderson* v. *Humphries*, 140 *Ga.* 368 (78 S. E. 1079).

2. The bill of exceptions shall be filed in the office of the clerk of the court where the case was tried, within fifteen days from the date of the certificate of the judge. Civil Code (1910), § 6167. Where a bill of exceptions is not filed within such time, the writ of error must be dismissed. *Seaboard Air-Line Railway* v. *Wheat*, 117 *Ga.* 751 (45 S. E. 77); *Cook* v. *State*, 120 *Ga.* 137 (47 S. E. 562); *King* v. *State*, 169 *Ga.* 15 (149 S. E. 650).

*Writ of error dismissed. All the Justices concur.*

No. 7523. JANUARY 15, 1930.

*T. G. Head,* for plaintiffs in error.
*J. Lon Faust* and *John M. Graham,* contra.