FUTCH, administrator, *v.* OLMSTEAD *et al.; et vice versa.*

PER CURIAM. 1. Where the date of the entry of filing by the clerk of the trial court upon a bill of exceptions, when considered in connection with the date of the judge's certificate, shows that the bill of exceptions was filed in the clerk's office more than fifteen days after it was certified by the judge, the writ of error will be dismissed. Civil Code, § 6167; *Norris* v. *Baker County,* 135 *Ga.* 229 (69 S. E. 106); *King* v. *State,* 169 *Ga.* 15 (2) (149 S. E. 650).

2. The dismissal of the main bill of exceptions, having the effect of affirming the judgment of the trial court by operation of law, without leaving the case to be tried again in the court below, will carry with it the cross-bill of exceptions. Civil Code, § 6139; *Southwestern Railroad Co.* v. *Smithville,* 134 *Ga.* 432 (67 S. E. 936); *Hammond* v. *Conyers,* 118 *Ga.* 539 (45 S. E. 417); *Farnsworth* v. *McPherson,* 147 *Ga.* 384 (94 S. E. 220).

3. If the bill of exceptions filed by O. J. Olmstead et al. in the present case could otherwise be treated as a main bill of exceptions, it lacks the requisites of containing or specifying the evidence and specifying the necessary record. *Southwestern R. Co.* v. *Smithville,* supra.

*Writs of error dismissed. All the Justices concur, except Russell, C. J., who dissents, and Beck, P. J., absent for providential cause.*

Nos. 7716, 7717. FEBRUARY 16, 1931.

*J. P. Dukes,* for plaintiff. *W. C. Hodges,* for defendants.

RUSSELL, C. J. I dissent from the judgment dismissing the bill of exceptions, for the same reasons that influenced me to dissent in *King* v. *State,* 169 *Ga.* 15 (149 S. E. 650), because I could not agree to the ruling in the second headnote of that case. I wholly dissent

from the proposition that the rule of this court now embodied as a statute, which authorizes the dismissal of a bill of exceptions in this court if the same was not served within fifteen days from the date of the certificate of the trial judge, is founded on any rule affecting the jurisdiction of the Supreme Court, or that the failure of counsel for plaintiff in error to serve the bill of exceptions within fifteen days, no matter for what reason, deprives this court of the jurisdiction which is obtained by the Supreme Court and inheres in this court from the time that the trial judge signs and certifies the original bill of exceptions and thereby altogether loses jurisdiction of the case. That the judge of the superior court loses jurisdiction altogether, that he can not even sign a second bill of exceptions, after having certified to a first bill of exceptions, is well settled by numerous decisions. Jurisdiction in some court over any matter of judicature must reside somewhere. It does not float about in nubibus. In filing the bill of exceptions, the clerk of the superior court is in effect an officer pro hac vice of the Supreme Court in carrying out the order of the trial judge to transmit the original bill of exceptions and the certified transcript of such portions of the record as may be specified in the bill of exceptions to the Supreme Court as being material to a review of the errors alleged in the bill of exceptions to have been committed. But under the well-settled rule that the lower court loses jurisdiction of the subject-matter by certifying and ordering transmitted to the Supreme Court the original bill of exceptions and transcript of such portions of the record as may be specified to be material, and the jurisdiction of the trial court having been exhausted by the judge's certificate which by our statute constitutes or creates the writ of error in a manner different from that provided in many of our sister commonwealths, it can not with good reason be held that the failure of a party to serve the opposite party with the writ of error, of which the Supreme Court has exclusive jurisdiction, would tend to deprive the Supreme Court of jurisdiction, any more than to say that service of the writ is essential to create jurisdiction, and in the Supreme Court, as in any and all other courts, a case must be ripe for trial, and for that reason the court having acquired jurisdiction of the cause has the right to see that the defendant is properly served, and provision is made by law for this, and in numerous cases orders to perfect service where the

same had not been sooner had have been granted by the superior court and affirmed by this court, years after the original proceeding was filed with the lower court, and thereby appeal made to the jurisdiction of the court. The appeal may include as much a prayer that the defendant might be served, as any other relief that might be asked for. I do not lose sight of the authorities cited by the majority to the contrary; but instances might be pointed out where in capital cases the Supreme Court dealt with the case, on account of its gravity, regardless of the merits of the motion to dismiss. The first headnote in the *King* case, supra, is as follows: "If on the call of a case for argument in the Supreme Court, involving consideration of a capital felony, no motion is made to dismiss the bill of exceptions, and if no notice has been given of a motion to dismiss the bill of exceptions, as provided in Rule of Court 31 (Civil Code, § 6250), twenty-four hours before the case is called, a motion to dismiss the bill of exceptions, made by the defendant in error after affirmance of the judgment of the trial court and after the plaintiff in error has made a motion for a rehearing, will not be considered." This is a statement that the right of the defendant in error to move to dismiss a bill of exceptions can not be extended beyond Rule 31 of this court. It must be made twenty-four hours before the case is called; and the Supreme Court held, as one of the conditions to its ruling, that if no motion was made to dismiss the bill of exceptions (there is no motion to dismiss in the case at bar), a motion to dismiss will not be considered. If the point was jurisdictional, and the Supreme Court had no jurisdiction of the case which it required to be transmitted, and required the clerk of this court to file, and docket, and number, and place upon the calendar, how could the court provide a rule that would dismiss a writ of error (merely a rule of practice) if no notice, no motion to dismiss, and no twenty-four hours notice of an intention to dismiss had been timely filed by counsel for the defendant in error?

I agree thoroughly to the ruling in the first headnote of the *King* case, supra; but I dissent altogether from the ruling in the second headnote, to the effect that if a bill of exceptions is not filed in the office of the clerk of the trial court within fifteen days from the date of the certificate of the judge, the Supreme Court loses or has not acquired jurisdiction, and that for want of jurisdiction

the Supreme Court is thus compelled to dismiss a meritorious writ of error. The signing of the certificate to a bill of exceptions is declared by our law to be the writ of error. In my opinion it does not take service to complete this petition, does not defeat the right of the plaintiff in error to have his case reviewed by the Supreme Court. This court has already acquired jurisdiction by the signature of the judge and his order to transmit the bill of exceptions together with so much of the record as is specified in plaintiff's petition to the Supreme Court. The constitution of the State defines the jurisdiction of the Supreme Court very definitely, and in my opinion this court can not alter that jurisdiction by a mere rule of the court, any more than the legislature could so do. The constitution is superior to each and all of the three departments of government. It is the solemn will of the people of Georgia. Amendments can be allowed in the Supreme Court. Service can be perfected if it has not been obtained. In all other courts in this State, and in the courts of chancery and common law, cases are to be found where orders were granted by the court to perfect service several terms after the petition was originally filed. Failure of service within the time prescribed by the Code may deprive a litigant of the right to have his case reviewed, but can not deprive the Supreme Court of its right and jurisdiction to proceed with any cause. When a litigant's right arises from his petition to this court for redress and review—this petition being commonly called a writ of error or a bill of exceptions,— the litigant under the law can go to no other tribunal. It is my opinion that even then this court has power, under the Code of 1910, § 6103 (2), reading as follows: "To hear and determine all causes, civil and criminal, that may come before it, and to grant judgments of affirmance or reversal, or any other order, direction, or decree required therein, and, if necessary, to make a final disposition of the cause, but in the manner prescribed elsewhere in this Code," to order that service be perfected, if the writ has not been served, or, if for any reason service can not be had in a capital case, to award such judgment as will render justice in the cause; for in such a case the judge of the lower court has established the truth of the statements made in the bill of exceptions, and no great wrong can be done, even if the case is heard upon the showing certified by the judge of the superior court to be

true. See *Clark Milling Co.* v. *Simmons*, 155 *Ga.* 505-506 (117 S. E. 437), where this court held: "Where, after the time for the service of a bill of exceptions, service thereof is acknowledged by attorneys for certain defendants, reserving all rights of objections, such acknowledgment would not cure the omission to serve these parties in time, under the act of 1911 (Ga. L. 1911, p. 129, Park's Code, §§ 6160, 6164(a) ; *Ray* v. *Hardman* [146 *Ga.* 718 (92 S. E. 211) ] ; but where thereafter an acknowledgment of service for these defendants was made by their attorneys, in which time of service was waived and it was agreed that the case could be heard in this court, such acknowledgment of service cured the omission to have these defendants served in time." If lack of service destroys jurisdiction, but it can be revived in the manner in which we held in the *Clark* case, supra, then it is not a matter of jurisdiction as conferred by the constitution of this State, but merely jurisdiction as referred to in our Code of practice. Where no jurisdiction in fact exists, jurisdiction can not be created or conferred by mere consent of the parties.