DELAPERRIERE, executor, *v.* WILLIAMS *et al.*

No. 9595. FEBRUARY 13, 1934.

*Joe Quillian,* for plaintiff in error.

*Clifford Pratt* and *Erwin, Erwin & Nix,* contra.

ATKINSON, J. The bill of exceptions in this case was certified by the judge on January 28, 1933. On the back of the sheet containing that certificate was the following statement by the judge:

"February 24, 1933. It appearing to the court that the writ of error in the within case was so damaged by fire that it can not be read, it is ordered that the within copy of said writ of error be and the same is established as a true and correct copy of the same." On the back of the same sheet is the certificate of the clerk: "Filed in office, March 3, 1933." On the face of the same sheet and immediately following the certificate of the judge to the bill of exceptions is a certificate of the clerk, dated March 8, 1933, stating "that the foregoing is the true original bill of exceptions, filed in this office, in the case therein stated." There is no other reference to the time of filing the bill of exceptions in the office of the clerk of the superior court. The only evidence as to service of the bill of exceptions is an acknowledgment of service by the attorney for some of the defendants in error, dated February 25, 1933. "The bill of exceptions shall be filed in the office of the clerk of the court where the case was tried, within fifteen days from the date of the certificate of the judge. Civil Code (1910), § 6167. Where a bill of exceptions is not filed within such time, the writ of error must be dismissed. *Seaboard Air-Line Railway* v. *Wheat,* 117 *Ga.* 751 (45 S. E. 77); *Cook* v. *State,* 120 *Ga.* 137 (47 S. E. 562); *King* v. *State,* 169 *Ga.* 15 (149 S. E. 650)." *Bray* v. *Langley,* 169 *Ga.* 733 (2) (151 S. E. 376).

*Writ of error dismissed. All the Justices concur.*