30560   KIRK *v.* THE STATE.

MACINTYRE, J.   1. The requirement of the Code, § 6-903, that "in all criminal cases . . the bill of exceptions shall be tendered . . within twenty days from the rendition of the decision," is mandatory and jurisdictional.. *Terrell* v. *State*, 56 *Ga. App.* 376 (192 S. E. 642).

2. "It must affirmatively appear from the bill of exceptions or the entries thereon, or the record, that the bill of exceptions was presented within the time prescribed by law." *Jones* v. *State*, 146 *Ga.* 8 (90 S. E. 280).

3. "Where it does not affirmatively appear from the record that the bill of exceptions was tendered upon a date prior to the date of the judge's certificate, it will be presumed that the certificate bears the date upon which the bill of exceptions was tendered, and the writ of error will be dismissed if a tender on that date was not within the time required by law." *Jones* v. *State,* supra:

4. In a criminal case, the bill of exceptions must be presented to the judge within twenty days from the judgment complained of. In this case the judgment excepted to was the overruling of a motion for a new trial. As disclosed by the bill of exceptions and the record, the date of the judgment overruling the motion was April 8, 1944. The certificate of the judge to the bill of exceptions was dated twenty-four days thereafter, to wit, May 2, 1944, and was filed in the office of the clerk of the superior court on May 8, 1944. The bill of exceptions was not dated. It recites that "now within the time provided by law and within thirty days from the date of the order and judgment of the court overruling said motion for a new trial, comes . . plaintiff in error . . and . . tenders this his bill of exceptions." The statement, "now within the time provided by law," is nullified by the succeeding statement, "within thirty days" from the judgment complained of, and where the case is one, as here, in which exception "must be taken by writ of error within twenty days, the bill of exceptions must be dismissed." *Coker* v. *Life & Casualty Ins. Co.,* 180 *Ga.* 525, 527 (179 S. E. 626) ; *Sweat* v. *Barnhill,* 171 *Ga.* 294 (2) (155 S. E. 18) ; *Kirk* v. *Atlanta,* 51 *Ga. App.* 269 (180 S. E. 253) ; *Shuman* v. *State,* 50 *Ga. App.* 213 (177 S. E. 355) ; *McCard* v. *State,* 54 *Ga. App.* 340 (187 S. E. 850) ; *Cason* v. *State,* 60 *Ga. App.* 626 (4 S. E. 2d, 713) ; *Nation* v. *Jones,* 3 *Ga. App.* 83, 84 (59 S. E. 330) ; *Blythe* v. *State,* 55 *Ga. App.* 193 (189 S. E. 687) ; *King* v. *State,* 169 *Ga.* 15 (149 S. E. 650). Adopting the language of *Jones* v. *State,* supra, the case is therefore dismissed because the statute is imperative. Code, § 6-903. The court can not pass upon a case where it clearly appears from the bill of exceptions that it has no jurisdiction. Therefore, the writ of error must be and is dismissed.

*Broyles, C. J., and Gardner, J., concur.*

DECIDED JUNE 22, 1944.

*Gordon B. Gann,* for plaintiff in error.
*H. G. Vandiviere, solicitor-general,* contra.

