18327, 18340. HAYDEN, Ordinary, *v.* VARNADORE *et al.;* and *vice versa.*

SUBMITTED SEPTEMBER 14, 1953—DECIDED OCTOBER 14, 1953.

No appearance for plaintiff in error.

*R. E. Lawson*, contra.

WORRILL, Justice. 1. Counsel for the plaintiff in error in the main bill of exceptions failed to argue their case orally in the Supreme Court, or to file any brief therein, and therefore the main bill must be dismissed. *Vann* v. *Wardlaw*, 180 *Ga.* 573 (3) (179 S. E. 726).

2. Irrespective of whether the present case falls within the general rule that, where the main bill of exceptions is dismissed for want of prosecution in the Supreme Court, the cross-bill will be dismissed (Code § 6-901; *Futch* v. *Olmstead*, 172 *Ga.* 233 (2), 157 S. E. 277; *Alexander Lumber Co.* v. *Bagley*, 184 *Ga.* 352, 364 (2), 191 S. E. 446; *Church* v. *Purcell*, 186 *Ga.* 95, 196 S. E. 806), each of the judgments complained of was rendered on June 23, 1953, and the defendants in error did not file any exceptions pendente lite. The plaintiff in error filed a bill of exceptions based on the judgment granting an injunction, which was served on the defendants in error on July 2, 1953. In such circumstances, a cross-bill of exceptions filed by the defendants in

error on July 15, 1953, assigning error on the judgment denying their motion to dismiss their petition, and on the judgment granting an injunction, though filed within 20 days from the date of the service of the main bill of exceptions, presents no question for decision. This is true for the reason that one who files a cross-bill of exceptions is not relieved from the requirements, as to proper and timely exceptions pendente lite, which would have been imposed upon him if he had been the plaintiff in error in a main bill of exceptions. *Williams* v. *Ragsdale*, 205 *Ga.* 274, 279 (4) (53 S. E. 2d 339), and citations.

*Writs of error dismissed. All the Justices concur.*